## STATE v. JAKE SPARTZ.[1]

### May 17, 1918.

### No. 20,826.

**Indictment demurrable.**

 1. When a criminal statute specifies several ways in which an offense thereunder may be committed, an indictment which merely alleges that defendant violated the statute is demurrable.

**Indictment does not charge an offense under the statute.**

 2. The indictment in this case examined and *held* not to state an offense under chapter 463, Laws 1917.

Defendant was indicted by the grand jury charged with a violation of chapter 463, Laws 1917, tried in the district court for Rice county before Childress, J., who overruled defendant's demurrer to the complaint and certified to the supreme court that the questions thereby presented were doubtful and important. Reversed.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *James P. McMahon,* County Attorney, for the state.

*Lucius A. Smith,* for respondent.

HOLT, J.

The defendant was indicted for a violation of chapter 463, p. 764, Laws 1917. He demurred. The court, in overruling the demurrer,

[1]Reported in 167·N. W. 547.

certified the questions thereby presented to be doubtful and important, thereby giving defendant an opportunity to review the order on appeal.

The offense is charged in the following language:

"The said Jake Spartz on the 20th day of October, A. D. 1917, at the village of Dundas in the County of Rice and State of Minnesota, did speak and use the following language to the witnesses hereinafter named and to others:

" 'Louis Seimers was wounded and should be dead long ago.'

"That at said time the said Louis Seimers was a soldier in the army or navy of the United States government and was wounded while so engaged as such soldier in assisting the United States government in prosecuting the present war against Germany. That it was intended to express contempt by such language for the soldiers and government of the United States, and to thereby discourage others from giving their full and unqualified support to said government in carrying on and prosecuting the present war."

The prosecution makes the point that it is sufficient merely to charge that defendant violated chapter 463, p. 764, Laws 1917, since the offense is fully defined in the title of the act. This cannot be true, for there are three sections, each of which specifies under what circumstances the offense may be committed against the statute. It is clear that this indictment does not charge an offense under section 1 which is directed against advocating by written or printed matter that men should not enlist in the military or naval forces of the United States or of this state. Section 2 makes it "unlawful for any person in any public place, or at any meeting where more than five persons are assembled, to advocate or teach by word of mouth or otherwise that men should not enlist in the military or naval forces of the United States or the state of Minnesota." The indictment cannot be held to charge an offense under this section, for it is not alleged that what defendant said was said in a public place, or at a meeting where more than five persons were assembled, nor is it perceived how the language itself, or taken in connection with the allegations and innuendoes of the indictment, can be considered as advocating that men should not enlist. Does the indictment state an offense under section 3? That section reads: "It shall be unlawful for any person to teach or advocate by any written or printed

matter whatsoever, or by oral speech, that the citizens of this state should not aid or assist the United States in prosecuting or carrying on war with the public enemies of the United States."

The purpose of the section is doubtless directed against the attempts to advocate and teach that aid should not be given the government by way of bond or stamp buying, or by contribution to the Red Cross or other instrumentalities which assist in prosecuting the war, for the matter of enlistment interference seems to be completely covered by sections 1 and 2.[1]

It will be noticed that the gravamen of the offense under each section of the law is the teaching or advocating that men should not enlist, or that citizens should not aid. That would seem to show that the legislature did not attempt by this act to punish every idle casual remark, wicked though it be, but only those utterances which on their face show a purpose to teach or advocate what the statute forbids, or which are made under such circumstances that it would be permissible for a jury to find a like purpose. The so-called innuendoes and recitals in this indictment do not tend to show that the words uttered might be interpreted by the jury as teaching or advocating that citizens should not aid the government in the prosecution of the war; nor does the indictment follow the language of section 3 in its description of the offense; nor are there any averments of accompanying circumstances showing that the spoken words were intended to advocate or teach, or could be understood by the hearers as advocating or teaching, that citizens should not render such aid or assistance in the prosecution of the war as the government requires or has indicated as proper.

We think the indictment fails to allege a violation of chapter 463.

Order reversed.

The following opinion was filed on June 3, 1918:

PER CURIAM.

That part of the opinion heretofore filed in this cause in reference to the construction and application of section 3 of the statute on which the prosecution is founded, was not strictly necessary to a decision of the case and is withdrawn, to the end that the question may remain open for future consideration should occasion present it.

[1]See last paragraph on this page.