## STATE v. GEORGE W. FREERKS.[1]

June 14, 1918.

No. 20,968.

**Discouraging enlistment — indictment good against demurrer.**

    The indictment set forth in the opinion states facts sufficient to constitute a public offense under the provision of section 3, chapter 463, Laws 1917.

Defendant was indicted by the grand jury of Big Stone county charged with the crime of violating section 3, c. 463, Laws 1917. Defendant demurred to the indictment. The demurrer was overruled, Flaherty, J., and the case certified to the supreme court on the question raised by the demurrer. The question whether the indictment stated a public offense was answered in the affirmative, the order overruling the demurrer was affirmed and the case remanded.

*Ray G. Farrington,* for defendant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Houston,* Acting County Attorney, for respondent.

BUNN, J.

The court below overruled the demurrer of defendant to the indictment hereafter set forth, and certified the case to this court for its opinion on the question raised by the demurrer, that is, whether the facts alleged in the indictment constitute a public offense. The indictment is as follows:

"George W. Freerks is accused by the Grand Jury of the county of Big Stone by this indictment of the crime of advocating by oral speech that the citizens of this State should not aid or assist the United States in prosecuting or carrying on war with the public enemies of the United States, committed as follows:

"That the said George W. Freerks, on the twenty-first day of January,

[1]Reported in 168 N. W. 23.

in the year Nineteen Hundred and Eighteen, at the City of Ortonville, in the county of Big Stone, in the State of Minnesota, then and there being, did wrongfully and unlawfully advocate by oral speech, uttered by him, the said George W. Freerks, in the presence and hearing of Thomas Finley, Robert Jones and Julius Fenner, that the citizens of the State of Minnesota should not aid and assist the United States in prosecuting and carrying on war with the public enemies of the United States, namely: The German Empire, and he, the said George W. Freerks, did then and there for such purpose say: 'The second and third verses of the "Star Spangled Banner" are nothing but rotten doggerel, just rotten doggerel. John Bull is in New York. England is doing just as she always has done. She is waging a commercial war. She always sells out her allies after it is over and will sell out this Country after this war is over. The war is managed just the same as they are doing with these old hens. They get them to knit socks and sweaters to try to make them believe we are at war. No soldier ever sees these socks. What good are all these damned sweaters? It is all bunk,' against the statute in such case made and provided and against the peace and dignity of the State of Minnesota.

"Dated at Ortonville, in the county of Big Stone, the twenty-second day of March, Nineteen Hundred and Eighteen."

It is plain that the indictment attempts to charge a violation of section 3, c. 463, p. 765, Laws 1917. It charges no offense under section 1, or under section 2, because the "teaching" or "advocacy" was not by written or printed matter, nor at a meeting where more than five persons were assembled. Section 3 of the act reads:

"It shall be unlawful for any person to teach or advocate by any written or printed matter whatever, or by oral speech, that the citizens of this State should not aid or assist the United States in prosecuting or carrying on war with the public enemies of the United States."

The question is whether the natural and reasonable effect of the words alleged to have been spoken by defendant is to deter men or women from aiding or assisting the United States in prosecuting or carrying on the war. State v. Holm, 139 Minn. 267, 166 N. W. 181. This assistance can be and is being given in many ways other than by enlisting in the

military or naval forces, as by loaning funds to the government, subscribing to the Red Cross, Y. M. C. A., Salvation Army, helping supply food and clothing to the men who do the actual fighting. It is therefore not necessary in this case to decide on the proper construction of section 3.

Counsel for defendant argued ably and earnestly that without the aid of innuendos or words of inducement, the language alleged to have been used by defendant, while highly improper, is so indefinite and meaningless that it could not be fairly understood by those who heard it as a teaching or advocacy against the prosecution of the war. We see no need of innuendoes or words of inducement. It seems plain to us that men and women hearing the words uttered, if they believed them true, would naturally and reasonably conclude that this country had no just cause for prosecuting the war, will profit nothing by winning, and that it is foolish and useless for citizens to give aid or assistance. We need not analyze the language as it speaks for itself. We have considered carefully the various points made by counsel in support of his contention and do not sustain any of them. We need not say more. The question certified, whether the indictment states a public offense, is answered in the affirmative, the order overruling the demurrer affirmed, and the case remanded for further proceedings.