## STATE v. AARON B. KAERCHER.[1]

### December 6, 1918.

### No. 21,074.

**Discouraging enlistment — title of act — act of 1917 valid.**

1. Laws 1917, c. 463, § 3, construed with reference to its title and *held* to be valid.

**Same — indictment good.**

2. Indictment set forth in the opinion states facts sufficient to constitute a public offense under the provisions of Laws 1917, c. 463, § 3.

Defendant was indicted by the grand jury of Big Stone county, charged with the violation of section 3, c. 463, of the Laws of 1917. He demurred to the indictment. The demurrer was overruled, Flaherty, J., and the case certified to the supreme court upon the questions raised by the demurrer. Affirmed and remanded.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Assistant Attorney General, for the state.

*Edgerton & Dohs,* for defendant.

QUINN, J.

The defendant was indicted by the grand jury of Big Stone county, charged with the violation of section 3, p. 765, chapter 463, of the Laws of 1917. The case was tried before two different juries resulting in a disagreement at each trial. Thereafter the defendant interposed a demurrer to the indictment, which was overruled, and the trial court certified the case to this court for its opinion upon the questions raised by the demurrer, that is, whether the facts stated in the indictment constituted a public offense, whether said section 3, upon which the indictment is

[1]Reported in 169 N. W. 699.

predicated, is within the title of the act, and whether, in order to constitute a public offense, it should be alleged that the acts charged were committed with intent to discourage enlistments, or had such effect. The charging part of the indictment is as follows:

"That the said Aaron B. Kaercher, * * * did wrongfully and unlawfully advocate by oral speech uttered by him, * * * in the presence and hearing of Ray G. Farrington, John Watson, Charles Kollitz and many other persons then and there assembled, that the citizens of the State of Minnesota should not aid and assist the United States in prosecuting and carrying on war with the public enemies of the United States, namely: the German Empire, and he, the said Aaron B. Kaercher, then and there for such purpose did say: 'This is not the people's war but the war of the Eastern influences. The people who want our boys to go to war would crucify Christ if he came to earth again. To take our boys and put them in the army to be shot at is an outrage. I question the right of the Government to send our men across the water. It is time that we farmers of Minnesota called a halt. It is an insult to the American farmer to ask him to raise more grain and then take our boys besides and send them over there. This war is all wrong. The Government is not acting right. The United States has no business to be in war,' contrary to the statute, etc. * * * "

The first and serious question is whether the provisions of section 3 are within the scope of the title of the act. In arriving at the legislative intent when construing this section of the statute, we may properly read the title of the act in connection with the language of the text. When so considered, the mischief which the act was designed to prevent becomes manifest. Its clear purpose was to make it unlawful for any person to interfere with or discourage enlistment in our military or naval forces.

It will be observed that section 1 of the act makes it unlawful for any person to print, publish or circulate in any manner any book, pamphlet or written or printed matter which advocates that men should not enlist. Section 2 makes it unlawful for any person, in any public place, or at any meeting where more than five persons are assembled, to advocate or teach by word of mouth or otherwise that men should not enlist. Section 3 makes it unlawful for any person to teach or advocate

by any written or printed matter whatsoever, or by oral speech, that any citizen of this state should not aid or assist the United States in prosecuting or carrying on war with its public enemies. This section, when read in connection with the title of the act, clearly has in view the prevention of any communication, oral or printed, naturally tending to the discouragement of enlistment, or the purchase of government bonds, or contributions to various associations like the Red Cross, matters not covered by sections 1 and 2. We so construe the statute. State v. Freerks, 140 Minn. 349, 168 N. W. 23.

Justice Holt adheres to the views expressed by him in State v. Spartz, 140 Minn. 203, 167 N. W. 547, and does not concur in the construction now given the statute.

It is further urged that the indictment is insufficient in that it fails to charge that the defendant did interfere with or deter enlistment, or that he intended so to do. The language alleged to have been spoken by the defendant is definite and pointed, its meaning or purpose could scarcely be misunderstood. The words alleged to have been uttered, if believed to be true by those who heard them, could have but one effect, the discouragement and interference with enlistment and the carrying on of the war. The allegations of the indictment charge a public offense, the order overruling the demurrer is affirmed, and the case is remanded for further proceedings.