## STATE v. JOSEPH GILBERT.[1]

### May 2, 1919.

### No. 21,225.

**War — discouraging enlistment — indictment good.**

The indictment charged a public offense under Laws 1917, c. 463, and section 3 of that Act is valid. [Reporter.]

[1]Reported in 171 N. W. 798.

Defendant was indicted by the grand jury of Jackson county charged with the crime of interfering with and discouraging the enlistment of men in the military and naval forces of the United 'States contrary to Laws 1917, p. 765, c. 463. Defendant interposed a demurrer to the indictment. The demurrer was overruled, Dean, J., and two questions certified as stated in the beginning of the opinion. Affirmed.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *E. H. Nicholas,* County Attorney, for plaintiff.

*George Nordlin,* for defendant.

PER CURIAM.

The defendant was indicted by the grand jury of Jackson county charged with the crime of interfering with and discouraging the enlistment of men in the military and naval forces of the United States, in violation of chapter 463 of the Laws of 1917. Defendant interposed a demurrer to the indictment which was overruled, and at his request the trial court certified the case to this court for its opinion upon the following questions:

(1) Do the facts stated in the indictment herein constitute a public offense?

(2) Is section 3 of chapter 463, p. 765, of the Laws of 1917 valid, or is it invalid as not within the subject expressed in the title of said law?

Chapter 463, among other things, provides that it shall be unlawful for any person, in any public place, or at any meeting where more than five persons are assembled, to advocate or teach by word of mouth or otherwise, that men should not enlist in the military service or naval forces of the United States, or that the citizens of this state should not aid or assist the United States in prosecuting or carrying on war with the public enemies.

The indictment charged that the defendant did wilfully and unlawfully advocate and teach by word of mouth at a public meeting, where more than five persons were assembled, that the citizens of this state should not enlist or engage in the military and naval forces of the United States, and that they should not aid or assist in prosecuting and carrying on the war, and then sets forth the words and sayings alleged to have been used by the defendant. The first question is whether the natural and reasonable effect of the words alleged to have been spoken by defendant would be to advocate and teach that the citizens of this state should not enlist or engage in the military or naval forces and that the citizens should not aid or assist in prosecuting and carrying on the war. We answer the first question certified in the affirmative. By a reading of the words alleged to have been uttered and believing them true, it would be impossible to arrive at any conclusion other than that our country had no just cause for prosecuting the war, and the tendency would be not only to discourage enlistment, but as well to interfere with the raising of funds for the prosecution of the war. Further comment is unneces-

sary. We hold that the indictment states a public offense under the statute.

The second question has been heretofore passed upon by this court. It was held that section 3, when read and construed in connection with the title of the act, is valid. State v. Kaercher, 141 Minn. 186, 169 N. W. 699. The order overruling the demurrer is affirmed and the case remanded to the district court for further proceedings.