### STATE v. BERNHARD REMPEL.

### STATE v. PETER W. REMPEL.[1]

#### June 13, 1919.

#### Nos. 21,204, 21,205.

**War — aiding United States — verdict not sustained by evidence.**

The evidence does not sustain a finding that the two defendants, holding a conversation between themselves on their own property, in which they made disloyal and unpatriotic remarks, overheard by another, taught or advocated by oral speech that the citizens of the state should not aid and assist the United States in prosecuting or carrying on the war with its public enemies within the prohibition of Laws 1917, c. 463.

Defendants were separately indicted by the grand jury of Watonwan county charged with the crime of advocating by oral speech that the citizens of Minnesota should not aid or assist the United States in prosecuting war with its public enemies, tried in the district court for that county before Comstock, J., and a jury which returned verdicts of guilty as charged in the indictments. From the judgments entered on the verdicts, defendants appealed. Reversed.

*C. J. Laurisch,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *J. L. Lobden,* County Attorney, for respondent.

DIBELL, J.

The defendants Bernhard Rempel and Peter W. Rempel were separately indicted and on separate trials each was convicted of wrongfully and unlawfully advocating by oral speech that the citizens of the state should not aid and assist the United States in prosecuting and carrying on the war with its public enemies. Each appeals from the judgment of

[1] Reported in 172 N. W. 888.

conviction entered. The appeals were argued together and are conveniently considered together.

The two Rempels live in the village of Butterfield, Watonwan county. Both were born in Russia. On Sunday, July 21, 1918, between eight and nine in the morning, they were sitting on a bench in the dwelling house yard of one of them, talking together. The village hotel was on the adjoining lot. The backs of the two men were toward the hotel. One of them had the St. Paul Pioneer Press and the other the Nonpartisan Leader. One Klein occupied a room on the second floor of the hotel. He says he was some 24 feet away from the men. When he awakened in the morning they were talking together. He claims that he heard Bernhard say to Peter in Mennonite: "The Germans * * * are just going back far enough so that our boys get into some trap and * * * pound hell out of them, just what they deserve." And that Peter replied: "It will be but a few days and the Germans will be in Paris and I would like to see that." The indictments are founded on the language quoted. No one else was in hearing of the two Rempels. They did not know that Klein was. They were having a talk between themselves and the two newspapers mainly suggested the subject matter of their conversation.

They deny that they said anything of the kind claimed. They say that they were talking over general war news and some local matters. The evidence is not at all conclusive and in some respects not very convincing that they made use of the words ascribed to them. They were heard under unfavorable conditions for accurate understanding and repetition. If they did use them they evidenced their disloyalty and want of patriotism. It is evident that the local feeling against the two was active.

Conceding that they said precisely what is alleged, they did not, within Laws 1917, p. 765, c. 463, "teach or advocate * * * by oral speech, that the citizens of this state should not aid or assist the United States in prosecuting or carrying on war with the public enemies of the United States." This statute has been construed many times. State v. Gilbert, 141 Minn. 263, 169 N. W. 790, and cases cited; State v. Townley, 140 Minn. 413, 168 N. W. 591, and cases cited; State v. Freerks, 140 Minn. 349, 168 N. W. 23. The statute does not reach two individuals who get together as these two men did and express their views though they are disloyal and unpatriotic views. Upon any permissible construction of

the statute there was not a teaching or advocating that citizens should not support the government within the meaning of the statute and the conviction is not sustained.

Judgment reversed.