## STATE v. HARRY W. HARTUNG.[1]

### November 5, 1920.

### No. 21,804.

**War — indictment insufficient to charge violation of statute.**
   Indictment considered and *held* not sufficient to charge a violation of section 3, chapter 463, Laws of 1917.

Defendant was indicted by the grand jury of Martin county charged with the crime of seditious teaching contrary to the statute forbidding interference with enlistments in the milifary or naval service of the government or of the state while this country was at war with Germany, tried in the district court for that county, before Dean, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Reversed and remanded.

*George Nordlin,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Paul C. Cooper,* County Attorney, for respondent.

QUINN, J.

Defendant was indicted, tried and convicted by the verdict of a jury of violating the provisions of section 3, c. 463, p. 765, Laws of 1917. From an order denying his motion for a new trial defendant appealed.

The indictment charges, in substance, that the defendant, on June 5, 1918, at the village of Welcome, Martin county, Minnesota, did wilfully and unlawfully teach and advocate by oral speech that the citizens of this state should not aid or assist the United States in prosecuting or car-

[1]Reported in 179 N. W. 646.

rying on the war with Germany in which it was engaged, by saying to and in the presence of one G. W. Strobel and divers other persons: "I don't care if Lindberg is a Pro-German, I will vote for him anyway. I know I am a Pro-German and I am proud of it. We will win anyway, and then you fellows can look out."

Upon this appeal the defendant contends: (1) That chapter 463 is invalid; (2) that the indictment fails to charge a public offense; (3) that the evidence is insufficient to sustain a conviction; (4) that substantial errors were committed by the trial court in its rulings upon the admissibility of evidence, and (5) that the court erred in its instructions to the jury.

1. The validity of section 3, chapter 463, has been established by former decisions. State v. Holm, 139 Minn. 267, 166 N. W. 181, L.R.A. 1918C, 304; State v. Townley, 140 Minn. 413, 168 N. W. 591; State v. Gilbert, 141 Minn. 263, 169 N. W. 790; State v. Kaercher, 141 Minn. 186, 169 N. W. 699.

2. The objection to the sufficiency of the indictment goes to the question whether the natural and reasonable effect of the words charged to have been spoken amounts to a teaching or advocating that the citizens of this state should not aid or assist the United States in prosecuting or carrying on the war with Germany. The purpose of the statute is to deter men from so teaching or advocating. The language charged to have been used, in our opinion, is not such. It pertains solely to the political chances of a certain candidate whom the defendant was supporting. No reference was made to the war or to the enlistment of men, nor was anything said that could amount to an attempt to teach or advocate that men should not enlist or assist in carrying on the war. The testimony offered upon the trial was no broader than the charge contained in the indictment and was not sufficient to sustain a conviction. The defendant drove into town displaying a Lindberg banner on his automobile. Men gathered around, an altercation followed and the banner was torn from his car. While such excitement was going on the accused was charged with being a Pro-German. He replied using the language charged. Such cannot be construed as teaching or advocating that the citizens should not aid or assist our government in carrying on the war in which

it was engaged. Under this view of the case it becomes unnecessary to traverse the other assignments of error.

Reversed and remanded.