THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL F. DARR *et al.* Plaintiffs in Error.

*Opinion filed October 26, 1912.*

1. CRIMINAL LAW—*when record contains sufficient showing of arraignment and plea.* A record showing that the defendants on a specified date appeared in person and by counsel, that each was furnished with a copy of the indictment, list of witnesses and jurors, and that they entered pleas of not guilty and announced they were ready for trial, whereupon a jury was called, contains a sufficient showing of arraignment and plea.

2. SAME—*when indictment charges conspiracy to defraud, and not a felony.* A count which charges the defendants with conspiring to defraud an insurance company by burning insured household goods, does not, by reason of the fact that it contains an averment that they consummated the offense which they conspired to commit, become a count charging the offense of maliciously burning insured property with intent to defraud the insurer, but is a count charging a conspiracy to defraud.

3. SAME—*burning insured goods to injure insurer is a distinct offense from arson.* The offense of maliciously burning insured buildings or goods with intent to injure the insurer is a separate and distinct offense from arson, and under an indictment charging the malicious burning of insured household goods with intent to injure the insurer it is error for instructions to denominate the crime as arson and to authorize a conviction if but a part of the building was burned.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

FRANK P. DRENNAN, and L. F. MEEK, for plaintiffs in error.

W. H. STEAD, Attorney General, and ROBERT SCHOLES, State's Attorney, (NOLEMAN & SMITH, and HENRY E. PRATT, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error and John Doe were jointly indicted in the circuit court of Peoria county for the crime of setting fire to and burning the household goods, wares and merchandise of the plaintiff in error Darr, which were insured against loss by fire by the German Fire Insurance Company of Peoria, Illinois, with intent to injure and defraud said insurance company. Plaintiffs in error were tried, convicted and sentenced to imprisonment in the penitentiary, and have brought the record and judgment to this court for review by writ of error.

A reversal is asked mainly upon the grounds that the trial court erred in not dismissing the case or instructing the jury to find defendants not guilty; that the court erred in giving instructions for the People, in not granting a new trial on account of the insufficiency of the evidence, and because the record did not show an arraignment of plaintiffs in error. As the judgment must be reversed for error in giving two instructions on behalf of the prosecution we will not treat in detail all the questions raised on this record, but will endeavor to discuss, in addition to the error upon which the reversal of the judgment is based, such other questions as may probably arise on another trial of the case.

A fire insurance policy for $2500 was issued March 1, 1911, by the German Fire Insurance Company to plaintiff in error Darr on household goods and property in the Aldine Hotel building, in the city of Peoria. The property was burned on March 17, 1911. The most important evi-

dence for the prosecution on the trial was the testimony of Louis Wood Hill, an accomplice of plaintiffs in error in the alleged setting fire to the property. Hill had previously been indicted with plaintiffs in error for conspiracy to burn the property and was confined in jail some time. He pleaded guilty to the charge of conspiracy and made a confession purporting to be a full statement of the facts about setting fire to and burning the property and the names of the parties implicated in the commission of the crime. He was fined $2000 and kept in jail about five months after pleading guilty. While confined in jail Hill wrote plaintiff in error Six a letter, in which he made statements in relation to his confession implicating Six claimed to be inconsistent with his confession and his testimony on this trial. Plaintiffs in error proved by several witnesses on the trial that the general reputation of Hill for truth and veracity was bad, and this proof was not controverted by the prosecution. In view of the fact that Hill was a confessed accomplice, the letter above referred to, and proof of his bad reputation for truth and veracity, it is contended he was unworthy of belief; that his testimony, alone, was not sufficient to sustain the verdict, and that there was no such corroboration of his testimony by other evidence as to warrant the verdict of guilty. Darr testified in his own behalf, denying his guilt and flatly contradicting the testimony of Hill. Six did not testify. Other evidence offered on behalf of plaintiffs in error in greater or lesser degree tended to support their plea of not guilty. There was also evidence introduced by the prosecution tending, in more or less important respects, to corroborate Hill. The state of the evidence is such that a reviewing court could not say the trial court erred in not granting a new trial on the ground that the evidence was insufficient.

It is claimed the judgment should be reversed because the record does not show plaintiffs in error were arraigned

and entered pleas to the indictment. This claim is not
sustained by the record. In addition to other recitals in
the record contradicting the contention, the record shows
that on March 18, 1911, both plaintiffs in error appeared
in person and by counsel; that they were each furnished
a copy of the indictment, list of witnesses and jurors, en-
tered pleas of not guilty and announced they were ready
for trial, whereupon a jury was called. This was sufficient.
*Kelly* v. *People,* 132 Ill. 363; *Fitzpatrick* v. *People,* 98
id. 259.

Another indictment against plaintiffs in error, together
with Louis Wood Hill and John Doe, was returned by the
grand jury at the September term, 1911. That indictment
is known in this record as No. 1269. They were tried
under that indictment at the January term, 1912, found
guilty, their punishment fixed at imprisonment in the peni-
tentiary, and they were sentenced accordingly. It is con-
tended the third count of the indictment in the former
case is for the same offense charged in this case, and it
was offered in evidence on the trial, together with the rec-
ord of the trial, conviction and sentence in that case, as a
bar to the prosecution under the indictment in this case.
It was stipulated by the State's attorney that the evidence
introduced on the former trial was substantially the same
as that introduced on this trial; that plaintiffs in error are
the same persons who were on trial in the conspiracy case;
that the same policy of insurance was introduced by the
State in both cases, and the goods and property in the
former case were the same goods and property in contro-
versy in this case. Plaintiffs in error moved the court to
instruct the jury to find them not guilty on the ground
that they had been once in jeopardy for the same offense,
but the court denied the motion.

The Attorney General contends the former indictment
in No. 1269 was for a conspiracy under section 46 of the
Criminal Code, which is a misdemeanor, while the indict-

ment in this case is under section 14 and is for a felony; that they are separate and distinct offenses, and a prosecution for one is no bar to a prosecution for the other, although the felony may be the completed act for which the conspiracy was formed. The correctness of this statement as a proposition of law is not disputed by plaintiffs in error, but it is claimed the third count of the indictment is not for conspiracy, under section 46, but is for the malicious burning of insured property with intent to injure the insurer, under section 14. In their reply brief plaintiffs in error say: "It is only a question as to what the third count of the indictment in the former case charged, which is purely a question of pleading and not a question of whether or not one crime is merged into another. If the third count of the indictment in the former case charged only a misdemeanor, then we would not contend for one minute that because the evidence showed the object of the conspiracy was consummated there was a merger of the two offenses. But such is not the case. That third count of the indictment alleged and charged the commission of the offense consorted by the conspirators. We do not pretend to argue that where a statute makes conspiracy a substantive offense, that a person who has entered into an unlawful conspiracy for the commission of a crime, and does, in fact, commit the crime, may not be prosecuted for both the conspiracy and the consummated offense, but we do contend that where they are both charged with the same count of the indictment in which the conspiracy is first alleged, and then a further allegation that in pursuance of that conspiracy they committed the offense consorted by the conspiracy, the indictment is for the greater offense." This leaves for determination only the question whether the third count of the indictment in No. 1269 was for conspiracy or for burning property, under section 14.

The third count charges, in substance, that the defendants therein named conspired together with the intent to

cheat and defraud the German Fire Insurance Company of Peoria of its money, goods and property, to-wit, a certain bank check of the value of $650; that they falsely, etc., conspired and agreed together to get and obtain, by means of false pretenses and representations, from the German Fire Insurance Company of Peoria one bank check of the value of $650, the money and property of said insurance company, and in pursuance of said conspiracy they did, on March 17, 1911, obtain from said insurance company a policy of insurance upon a certain lot of household goods, insuring them from loss by fire to the extent and amount of $2500; that afterwards, on the 17th day of March, 1911, said defendants, in pursuance of said conspiracy to cheat and defraud said insurance company, did feloniously, unlawfully, willfully and maliciously set fire to, burn and cause to be burned the aforesaid lot of household goods and property with intent to injure and defraud said insurance company; that afterwards, on March 17, 1911, in pursuance of the aforesaid conspiracy, said defendant Darr further represented and falsely pretended, with intent to cheat said insurance company, that the damage and loss by reason of said fire and burning was $650, and that the amount was to be paid said Darr by said insurance company on the policy aforesaid, taken out, in pursuance of the conspiracy aforesaid, in the name of said Darr, whereas in truth and in fact the damage and loss did not exceed $300; that said defendants afterwards, in pursuance of the aforesaid conspiracy, still further conspiring and agreeing together, falsely represented to the said insurance company that the damage by fire to said goods, and burning thereof, was caused in some way and manner and by some means unknown to and without the design, knowledge or procurement of said defendant Darr, whereas in truth and in fact the said fire and burning of said goods were with the knowledge, consent and procurement of said defendants. The indictment concludes: "And the grand jurors

aforesaid do say that in manner and form aforesaid and by means of false representations and pretenses aforesaid the said Samuel F. Darr, Harvey Austin Six, Louis Wood Hill and John Doe did then and there fraudulently, falsely and feloniously conspire to defraud the said German Fire Insurance Company of Peoria, Illinois, a corporation, of its money and property as aforesaid, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same People of the State of Illinois."

We think it very clear that count was for conspiracy and not for the crime defined in section 14. That plaintiffs in error could be indicted and convicted for the conspiracy to burn the goods with the intent to cheat and defraud the insurance company, under section 46, and also for burning them, under section 14, is not controverted, and, indeed, could not reasonably be regarded as a debatable question. Under section 46 the offense is complete without the commission of the act for which the conspiracy was formed, and under section 14 the offense is complete when any insured building or goods are burned with intent to injure the insurer, without proof of any conspiracy. A conspiracy to commit a crime is one offense; the commission of the crime is another and different offense. It is conceded that if the former indictment had not alleged the actual commission of the act the parties conspired together to do, there would be no merger of the two offenses because the proof showed the commission of the act, and in such case no question of former jeopardy would arise when the parties were put upon trial under another indictment under section 14. The former indictment clearly counts upon the conspiracy as the offense charged. It concludes that "the grand jurors aforesaid do say that in manner and form aforesaid and by means of false representations and pretenses aforesaid the said Samuel F. Darr, Harvey Austin Six, Louis Wood Hill and John Doe

did then and there fraudulently, falsely and feloniously conspire to defraud the German Fire Insurance Company of Peoria, Illinois, a corporation, of its money and property as aforesaid, contrary to the form of the statute," etc. The language used in the indictment unmistakably shows it was never intended to try the parties charged under that indictment for any other offense than conspiracy. The allegation of the overt act was not for the purpose of putting the parties on trial for burning the property but was the unnecessary allegation of a fact in furtherance of the conspiracy, and neither rendered the pleading double nor changed the crime charged to that defined under section 14. It was unnecessary to allege or prove upon the trial the burning of the property to sustain a conviction under that indictment, because in addition to the charge, in apt language, of conspiracy to burn the property the indictment also alleged the defendants did burn it, did not change the crime charged from conspiracy to the crime defined in section 14. Such allegation was surplusage in the indictment for conspiracy. An indictment might be so drawn as to allege a conspiracy to do an act, and further that the act was consummated, and be an indictment for the consummated act and not the conspiracy. In such case the allegation of conspiracy would be surplusage. But as we read the indictment in No. 1269, its purpose and effect were to charge the defendants therein named with conspiracy, and the allegation that they did the act they conspired to do was unnecessary and did not make the crime charged a charge of burning insured property to injure the insurer.

Complaint is made of a number of instructions given on behalf of defendant in error. Instruction No. 3 told the jury that "under the law and the indictment in this case, in order to constitute the crime of arson it is not necessary that the People should prove that the building or property, if any, was entirely consumed;" that if the jury believe defendants guilty, from the evidence, beyond a rea-

sonable doubt, they should find them guilty "although you may believe that but a part of the building or property was burned." The sixth instruction is as follows:

"The court instructs the jury that in this case the defendants stand charged with the crime of arson, and if you believe, from the evidence, beyond a reasonable doubt, that they committed said offense in manner and form as charged in the indictment, then the jury should find them guilty."

Both of these instructions are bad. Plaintiffs in error were not charged with the crime of arson nor with burning a building. They were indicted for setting fire to the household goods, wares, chattels and merchandise of Samuel F. Darr with intent to injure and defraud the German Fire Insurance Company, which is a separate and distinct offense from arson, either at common law or under our Criminal Code. (*Mai* v. *People*, 224 Ill. 414.) Under these instructions the jury would understand they were authorized to find the plaintiffs in error guilty if the evidence showed a part of the building was burned, although no part of the property mentioned in the indictment was burned and there was no intent to injure and defraud the insurance company. The evidence might show that plaintiffs in error were guilty of arson and still not guilty of the crime charged in the indictment, but if the sixth instruction was followed they would not, under such circumstances, have returned a verdict of not guilty. We think these instructions tended to confuse and mislead the jury as to the issue before it and were highly prejudicial to the plaintiffs in error.

For the error in giving said instructions 3 and 6 the judgment must be reversed and the cause remanded to the circuit court of Peoria county. *Reversed and remanded.*