## STATE v. A. C. TOWNLEY AND ANOTHER.[1]

### May 2, 1919.

### No. 21,226.

**Indictment for conspiracy.**

1. An indictment which charges defendants with conspiring to teach and advocate that men should not enlist in the military or naval forces of the United States and that the citizens of this state should not aid or assist the United States in prosecuting a war in which it is engaged with a public enemy, does not, by reason of the fact that it contains an averment that one of the defendants consummated the offense which they conspired to commit, charge the offense of so teaching and advocating, but is an indictment for conspiracy.

[1]Reported in 171 N. W. 930.

**Same — averment of commission of offense.**

2. In an indictment charging a conspiracy to teach and advocate that men should not enlist in the military or naval forces of the United States and that the citizens of this state should not aid or assist the United States in prosecuting a war in which it is engaged with its public enemy, charging as an overt act that one of the conspirators, after the formation of the conspiracy and during its continuance, to effect the object thereof, did so teach and advocate, is an averment to complete the charge of conspiracy, and does not charge the commission of the offense which was the object of the conspiracy.

Defendants A. C. Townley and Joseph Gilbert were indicted by the grand jury of Jackson county charged with the crime of conspiracy, as stated in the first paragraph of the opinion. They demurred to the indictment on the grounds: (1) That the indictment did not substantially conform to the requirements of sections 9134 and 9136, as qualified by section 9142, of the General Statutes of 1913; (2) that more than one offense was charged in the indictment, contrary to the statute; (3) that the facts stated did not constitute a public offense, and (4) that the indictment contained matter which if true would constitue a legal justification and excuse of the offense charged. The demurrer was overruled, Dean, J., and the questions set out at the beginning of the opinion certified to the supreme court. Affirmed.

*George Nordlin, Frederic A. Pike* and *Arthur Le Sueur,* for appellants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *E. H. Nichols,* County Attorney, for respondent.

QUINN, J.

Defendants were jointly indicted for conspiring to teach and advocate that men should not enlist in the military or naval forces of the United States and that the citizens of this state should not aid or assist the United States in prosecuting or carrying on the war against the kingdom and imperial government of Germany. When called to plead to the charge they interposed a general demurrer, which was overruled, and upon request of the accused the trial court certified to this court for decision the following questions:

(1) Do the facts stated in the indictment constitute a public offense?

(2) Is more than one offense charged in the indictment?

(3) Is the conspiracy attempted to be alleged in the indictment so merged in the crime of higher degree also charged therein, that the charge of conspiracy cannot be maintained?

(4) Is section 3 of chapter 463 of the Laws of 1917 valid, or is it invalid as not within the subject expressed in the title of the act?

The statute provides that, whenever two or more persons shall conspire to commit a crime, every such person shall be guilty of a misdemeanor, but no agreement, except to commit a felony upon the person of another, or to commit arson or burglary, shall amount to a conspiracy, unless some act besides such agreement be done to effect the object thereof by one or more of the parties to such agreement. G. S. 1913, §§ 8595, 8596.

Chapter 463 of the Laws of 1917, p. 764, provides, in substance, that any person who shall teach or advocate by word of mouth or otherwise, in public places where five or more persons are present, that men should not enlist in the military or naval forces of the United States or that the citizens of this state should not aid or assist the United States in prosecuting or carrying on war against its public enemies, shall be guilty of a gross misdemeanor.

A conspiracy to commit a crime is one offense and the commission of that crime is another and different offense. Suppose there had been an intrigue or conspiracy on the part of several to teach disloyalty in violation of the statute in question, and that the parties thereto advertised and arranged for the holding of public meetings in public halls at stated times for the purpose of so teaching, and that when their emissary arrived at the selected place, and undertook to deliver his missive, he was prohibited from so doing by the populace. Under such circumstances it could hardly be said that all the parties to the intrigue might not be prosecuted under the conspiracy statute, though the offense of teaching was not committed. Under that statute the offense of conspiracy may be complete without the commission of the act which was the object of the conspiracy, while under chapter 463 the offense prohibited is complete when the teaching is done, without proof of any conspiracy.

The indictment charges in substance that on and prior to the tenth

day of October, 1917, the defendants did unlawfully conspire, combine and confederate together, to teach and advocate by word of mouth and by circulating and distributing printed matter in Jackson county, that men should not enlist in the military and naval forces of the United States and the state of Minnesota, and that the citizens of this state should not aid or assist the United States in prosecuting and carrying on the war against the kingdom and imperial government of Germany, and to teach and advocate by word of mouth and otherwise, in public places and public meetings in said county at which more than five persons should be in attendance, that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not aid or assist the United States in prosecuting and carrying on said war; that thereafter on the said tenth day of October, 1917, in pursuance of such conspiracy, and, in order to effect the object thereof, the defendants did unlawfully procure, employ and cause one Irving Freitag to go into the town of Sioux Valley in said county, and to make public speeches therein, and then and there to teach and advocate by word of mouth and otherwise that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not aid or assist the United States in carrying on said war, and to teach and advocate that the citizens of this state should not buy liberty loan bonds; that it was not safe for them to invest their money in such bonds, and that the United States would soon be bankrupt and unable to pay its financial obligations, if it continued to wage such war; that thereafter on the eleventh day of October, 1917, in pursuance of such conspiracy, and in order to effect the object thereof, the defendants did unlawfully procure, employ and cause one Irving Freitag to go into the town of Minneota in said county, and to make public speeches therein, and then and there to teach and advocate by word of mouth and otherwise that men should not enlist in the military or naval forces of the United States, and that the citizens of this state should not aid or assist the United States in carrying on said war, and to teach and advocate that the citizens of this state should not buy liberty loan bonds, but that such citizens should invest their money in Nonpartisan League grain elevators, and that such United States Government bonds are not safe investments for the farmers of this state; that thereafter on the twenty-

third day of January, 1918, at the village of Lakefield, in said county, in pursuance of such conspiracy and in order to effect the object thereof, the defendants called together and caused to be assembled a large number of the citizens of this state in a public meeting, being more than five in number, with intent'then and there to advocate and teach to such persons so assembled, that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not aid or assist the United States in prosecuting and carrying on said war, and in further pursuance of said conspiracy and in order to effect the object thereof, the said Joseph Gilbert did then and there wilfully and unlawfully address said public meeting and did then and there advocate and teach to the persons there assembled that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not aid or assist the United States in prosecuting and carrying on said war, to which end, pursuant to such conspiracy and to effect the object thereof, said Joseph Gilbert then and there said:

"All young men who are on the farms ought to be left on the farms to raise crops and not taken into the army." "All these young men in North Dakota and Minnesota ought to be left on the farms." "The boys shouldn't be taken into the army, they are better off where they are than in the trenches five thousand miles away." "Who is going to feed them when they are five thousand miles away?" "When the Government conscripted your boys, it didn't conscript wealth; if it had, we shouldn't have to have wheatless days and meatless days and heatless days." "You farmers are trying to produce more crops than ever before, you have had to subscribe to the Liberty Loan, the Red Cross and the Y. M. C. A. and on top of all that they (the Government of the United States meaning) now take your boys." "I was called down just now up in your Commercial Club Room for saying that the United States had never before drafted its citizens into the army. I want to tell you that the United States has never before drafted men to take them to foreign countries."

That thereafter on the twenty-fifth day of January, 1918, in pursuance of such conspiracy, and in order to effect the object thereof, the defendants did unlawfully procure, employ and cause one Irving Freitag to go into the town of Minneota in said county, and to then and there

teach and advocate that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not aid or assist the United States in prosecuting and carrying on said war, and did procure, employ and cause the said Irving Freitag to then and there teach and advocate to one John Steiner, a citizen of this state, the following words, to-wit:

"If you farmers will join the Nonpartisan League we can make a law so as to stop your boys from being taken into the army."

That thereafter on the twelfth day of February, 1918, at the village of Lakefield in said county, in pursuance of said conspiracy and in order to effect the object thereof, the defendants did unlawfully circulate and distribute a printed pamphlet containing the following matter, to-wit:

"The secret agreements of Kings, presidents and other rulers, made, broken or kept, without the knowledge of the people, constitute a continual menace to peaceful relations." "We are unalterably opposed to permitting stockholders of private corporations to pocket these enormous profits, while at the same time a species of coercion is encouraged toward already poorly paid employees of both sexes, in urging them to purchase government bonds to help finance the war. Patriotism demands service from all according to their capacity. To conscript men and exempt the blood-stained wealth coined from the sufferings of humanity is repugnant to the spirit of America and contrary to the ideals of democracy." "A declaration of war does not repeal the Constitution of the United States, and the unwarranted interference of military and other authorities with the rights of individuals must cease."

"The contributory causes of the present war are various; but above the horrible slaughter loom the ugly incitings of an economic system based upon exploitation. It is largely a convulsive effort on the part of the adroit rulers of warring nations for control of a constantly diminishing market. Rival groups of monopolists are playing a deadly game for commercial supremacy." "It is equally unjust to permit lobbyists to oppose the conscription of wealth without let or hindrance, while making it a crime for a mother to oppose the conscription of the life of her son."

"Then, why the millions of American manhood sacrificed upon the bloody field of war? Is it not because no means have yet been devised

for bringing to agreement these two peaceful peoples? (The German people and the American people meaning.) I believe it is possible that these two peace-loving peoples could, and would agree to peace terms if their Governments led the way by defining terms that would serve as a basis for negotiations." "To continue war when the peoples of the nations engaged are at agreement, is an international crime." "Why should the United States aid England or any other country in their imperialistic designs?" "We cannot know that we are not sending our young, strong and capable men to die in the trenches, not for democracy, but for imperialism, unless the things for which they fight be explicitly specified."

"The pinch of want is even now felt by millions of our people, not because of the scarcity of things needed to support life in comfort, but because of extortionate prices foisted upon us by speculators and gamblers."

Which article, language and printed matter then and there advocated and attempted to teach and advocate that men should not enlist in the military and naval forces of the United States, and that the citizens of this state should not assist the United States in prosecuting and carrying on such war. In further pursuance of said conspiracy and in order to effect the object thereof, the defendants did, subsequent to the tenth day of October, 1917, and prior to the finding of this indictment, publish, circulate and distribute said pamphlet throughout said county, and in further pursuance of said conspiracy and in order to -effect the object thereof, the defendants did subsequent to the tenth day of October, 1917, and prior to the finding of this indictment, unlawfully publish, distribute and circulate a certain printed pamphlet containing the following language and printed matter, to-wit:

"The moving cause of this world war was and is Political Autocracy used to perpetuate and extend Industrial Autocracy. It is the struggle of political overlords to extend and perpetuate their power to rob and exploit their fellowmen. Autocratic rulers who have robbed and exploited the fathers and mothers, now slaughter the children for the single purpose of intrenching themselves in their infamous position and securing and legalizing their possession of the fruits of others' toil and

thrusting the world under the yoke of political autocracy, which is ever the shield and the mask of Industrial Autocracy."

Which pamphlet, printed matter and language did then and there advocate and teach that the citizens of this state should not assist the United States in the prosecution and carrying on of said war, and did discourage enlistment in the military and naval forces of the United States, contrary to the form of the statute, etc.

We are of the opinion that the indictment is for conspiracy and not for an offense under chapter 463. The language used unmistakably shows that it was never intended to charge the defendants with any offense other than conspiracy. The subject matter of the conspiracy, the object thereof, the means by which such objects were to be effected, are all fully set forth. The acts alleged as occurring after the formation of the agreement and during its continuance from October 10 to February 12, 1918, are the overt acts required by the statute to complete the crime of conspiracy. The pleading of such facts is not for the purpose of charging sedition under chapter 463 but is an allegation of fact in furtherance of the conspiracy, and neither renders the pleading double nor changes the crime charged to that defined by chapter 463.

The allegations to the effect that the defendants did teach and advocate in violation of the provisions of the statute are not indispensable insofar as the pleading goes. The charge of conspiracy is complete without such allegations, though the fact might be shown as bearing upon the question of intent. Louis v. U. S. 218 Fed. 36, 134 C. C. A. 58; People v. Darr, 255 Ill. 456, 99 N. E. 651.

We hold that the indictment charges the defendants with the crime of conspiracy, that there is but one offense charged therein, and there being but one offense charged there is no merger.

The fourth question challenges the validity of section 3, chapter 463, as not being within the subject expressed in the title of the act. This precise question was determined adversely to the contention of the defendant in State v. Kaercher, 141 Minn. 186, 169 N. W. 699. The order overruling the demurrer was proper and the case is remanded for further proceedings.