**STATE of Minnesota, Respondent,**

v.

**Charles Raymond POWLESS, Appellant.**

No. 47227.

Supreme Court of Minnesota.

Nov. 9, 1978.

C. Paul Jones, Public Defender, Robert Oliphant and Ronald L. Haskvitz, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom and David W. Larson, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of aggravated robbery, Minn.St. 609.245, and criminal sexual conduct in the first degree, Minn.St. 609.-342, and was sentenced to two concurrent terms of 3 to 20 years in prison. Issues raised by defendant on this combined appeal from judgment of conviction and the order denying postconviction relief relate to the adequacy of representation by his attorney and to the propriety of sentencing him to two concurrent terms. We affirm.

Defendant's contention that his counsel failed to represent him adequately is based primarily on counsel's failure to call two witnesses whose testimony defendant contends was essential to a fair presentation of his case. Both these witnesses invoked their Fifth Amendment privilege at the postconviction hearing. As the postconviction court pointed out in denying relief, there is no reason to believe that either

would have done differently at trial. Under the circumstances, the court correctly ruled that defendant did not meet his burden of showing that, if called, either witness would have given exculpatory testimony.

 Defendant's second contention is that the two offenses he committed arose from the same underlying conduct and that therefore under Minn.St. 609.035 [1] he should have received only one 3- to 20-year sentence, not the two concurrent sentences. There is no merit to this contention because the underlying conduct was divisible and was motivated by a desire on defendant's part to obtain two different criminal objectives. *State v. Gilbert*, 262 N.W.2d 334 (Minn.1977); *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966).

Affirmed.

---

1. Minn.St. 609.035 provides as follows: "Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."