## STATE of Minnesota, Respondent,

v.

## Robert E. SCOTT, Appellant.

### No. 50700.

Supreme Court of Minnesota.

March 6, 1981.

---

C. Paul Jones, Public Defender and Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Dergstrom, Chief, Appellate Section, Asst. County Atty., and Thomas A. Weist, Law Clerk, Minneapolis, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342 (1978), and soliciting or inducing another person over age 18 to practice prostitution, Minn.

Stat. § 609.32 (1978).[1] The trial court sentenced defendant to consecutive prison terms of 20 years and 5 years. The trial court also found that defendant was a dangerous offender under Minn.Stat. § 609.155 (1978),[2] but defendant's sentences were not extended because the court concluded that defendant had only one prior felony conviction which could be considered under the dangerous offender statute. On this appeal from judgment of conviction, defendant contends (1) that he should be given a new trial because of errors in the admission of evidence that he committed similar crimes in a similar way in 1977, (2) that his sentence for the prostitution offense should be vacated because the conviction arose from the same behavioral incident as the conviction for criminal sexual conduct in the first degree, and (3) that the trial court's finding that he was a dangerous offender should be reversed. We affirm.

■ 1. There is no merit to defendant's contention that the trial court erred in admitting the other-crime evidence, which showed that defendant had committed remarkably similar crimes against a woman just 2 years earlier and had been in prison in the interval.[3] *State v. Johnson*, 300 N.W.2d 4 (Minn.1980). We do not reach the issue concerning the propriety of admitting the statement the victim of the prior offense made to the police shortly after the offense, because there is no objection of record to the admission of this statement. Similarly, we do not decide the propriety of a statement by the prosecutor in closing argument relating to the prior-crime evidence because defense counsel did not object.

■ 2. The issue concerning the application of Minn.Stat. § 609.035 (1978)—which bars multiple punishment of a defendant for two or more offenses against the same victim arising from the same behavioral incident—is arguably a close issue, but we conclude that the trial court, on the facts of this case, did not violate the statute in sentencing defendant to one prison term for each of the two offenses. While defendant had a general scheme to induce the victim to practice prostitution for him and while defendant committed the act of criminal sexual conduct partly in furtherance of that scheme, the trial court was also justified in concluding, on the basis of the evidence, that defendant also had a separate independent motivation for the act of criminal sexual conduct, namely, to satisfy his sexual impulses. Further, allowing multiple punishment in this case is consistent with the purpose of the statute, which is to protect against punishment which is disproportionate to the culpability of the defendant. *See State v. Stevenson*, 286 N.W.2d 719 (Minn. 1979); *State v. Powless*, 272 N.W.2d 258 (Minn.1978) (per curiam); *State v. Shevchuk*, 282 Minn. 182, 163 N.W.2d 772 (1968).

■ 3. Defendant's contention that the evidence was insufficient to justify a finding that he is a dangerous offender is without merit. *See State v. Michaud*, 276 N.W.2d 73 (Minn.1979).

Affirmed.

---

1. This statute was repealed and replaced by another in 1979. *See* Act of May 29, 1979, ch. 255, §§ 1–6, 9, 1979 Minn. Laws 538, 538–42, 543 (codified at Minn.Stat. §§ 609.321–.326 (1980)).

2. This statute and the related section 609.16 were repealed, effective May 1, 1980, by the 1978 legislature. *See* Act of Apr. 5, 1978, ch. 723, art. I, §§ 19–20, 1978 Minn.Laws 761, 770.

3. The prior conduct resulted in defendant's being convicted of soliciting or inducing another to practice prostitution, a conviction which we affirmed in *State v. Scott*, 277 N.W.2d 659 (Minn.1979) (per curiam).