**Charles Ray POWLESS, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. 82–410.**

Supreme Court of Minnesota.

June 10, 1982.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., and William Neiman, Asst. County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing under the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now 36, was convicted in Hennepin County District Court in 1976 of aggravated robbery and criminal sexual conduct in the first degree for his participation with two other men in the robbery and sexual assault of two women whom they picked up in a bar. Those convictions were affirmed in *State v. Powless*, 272 N.W.2d 258 (Minn.1978). Petitioner is now serving two concurrent prison terms of 3 to 20 years each. His target release date is February 9, 1983, and the expiration date for the sentences is January 3, 1990.

Petitioner's criminal history score at the time of sentencing for the offenses in question would have been four. Criminal sexual conduct in the first degree, the more serious of the two offenses, is a severity level VIII offense. The presumptive sentence for this offense by one with a criminal history score of four is 95 months in prison. If petitioner were to be resentenced to the presumptive term, he would be entitled to immediate release from prison and would remain under supervision until June of 1984.

As a prerequisite to resentencing, petitioner had to prove that his early release

from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. Given petitioner's criminal record and the violent nature of the offenses for which he was sentenced, we conclude that the post-conviction court properly refused to find that petitioner's early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.