**STATE of Minnesota, Respondent,**

v.

**James Russell McALPINE, Appellant.**

**No. C6–84–223.**

Court of Appeals of Minnesota.

July 31, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota County Atty., Mark Nathan Lystig, Asst. County Atty., Hastings, for respondent.

Joseph S. Friedberg, Chartered, Robert G. Malone, Minneapolis, for appellant.

Considered and decided by WOZNIAK, P.J., POPOVICH, C.J., and SEDGWICK, J., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is a pretrial appeal by the defendant, James Russell McAlpine, from an order denying his motion to dismiss a complaint charging him with possession of a controlled substance and possession with intent to sell, in violation of Minn.Stat. § 152.09 (1982). Defendant contends that his previous acquittal of the charge of conspiracy to commit theft bars this prosecution under constitutional and statutory provisions against double jeopardy, collateral estoppel, and serialized prosecution. We affirm.

## FACTS

On February 19, 1983, the defendant was arrested after police agents executing a valid search warrant discovered cocaine, marijuana, and drug paraphernalia in his home in Dakota County. Following that arrest the defendant was prosecuted in Hennepin County on a charge of conspiracy to commit theft. The conspiracy prosecution alleged that the defendant, on February 9 or 10, 1983, had gone with a Hennepin County Deputy Sheriff to the residence of a drug dealer and had purchased a quantity of cocaine from the dealer. The prosecution's theory at trial was that the defendant purchased the cocaine in expectation of learning from the dealer when a substantial amount of cash would be on hand, so that a theft of the cash could be accomplished at an opportune time. The defendant at trial claimed that he had purchased the cocaine because he thought he was helping the Hennepin County Deputy build a case against the drug dealer. The jury, by a general verdict, acquitted the defendant of the charge of conspiracy to commit theft.

This prosecution was subsequently commenced in Dakota County against the defendant on charges of possession of a controlled substance and possession with intent to sell. The defendant's motion to dismiss upon grounds of double jeopardy, collateral estoppel, and serialized prosecution was denied by the district court.

## ISSUE

■ Are constitutional and statutory prohibitions against double jeopardy, collateral estoppel, and serialized prosecution violated where a defendant who was tried and acquitted of conspiracy to commit theft is later charged with possession of a controlled substance, evidence of which was submitted in the first conspiracy trial?

## ANALYSIS

The Minnesota Constitution, Art. 1 § 7 provides:

[N]o person shall be put twice in jeopardy of punishment for the same offense * * *

*State v. Spann,* 287 N.W.2d 406, 408 (Minn.1979), explains the test for determining whether double jeopardy is present:

The applicable double jeopardy test is the so-called *Blockburger* test—see, *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Under this test, if each of two crimes requires proof of an additional fact that the other does not, then the offenses are not the same for double jeopardy purposes and multiple convictions are proper, notwithstanding a substantial overlap in the proof offered to establish the crimes.

■ The defendant's claim that the above test requires dismissal of his complaint is without merit, for the charges of conspiracy, possession of a controlled substance, and possession with intent to sell clearly require proof of different facts. (*See* Minn.Stat. § 609.175, subd. 2, 152.09, subd. 1 (1982).)

■ The above double jeopardy test is not, however, the only basis for determining whether the same offense is impermissibly charged in successive prosecutions. The doctrine of collateral estoppel will bar a prosecution "where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio,* 432 U.S. 161, 166, n. 6, 97 S.Ct. 2221, 2226, n. 6 (1977). *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), provides an excellent analysis of this doctrine:

"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

\* \* \* \* \* \*

Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." *Sealfon v. United States,* 332 U.S. 575, 579, 68 S.Ct. 237, 240, 92 L.Ed. 180.

*Id.,* at 443–444, 90 S.Ct. at 194 (footnote omitted).

■ In the present instance, the defendant argues that the doctrine of collateral estoppel should be applied because in the previous trial the jury considered his possession of cocaine, yet found him innocent of the conspiracy charge. The defendant concludes: "the only rational basis upon which the jury could have and did return a verdict of acquittal, is that the jury found as fact that [he] did not [buy the cocaine] in 'furtherance of the conspiracy,' but rather with lawful intent to further a criminal prosecution against * * * the known drug dealer." The defendant's conclusion is flawed, however, since it is equally likely that the jury simply found that the state had not proved the existence of an agreement to commit the crime, "which is the primary element of a conspiracy." *United States v. Cooper,* 442 F.Supp. 1259, 1261 (D.Minn.1978). The present situation is

similar to *State v. Robinson*, 262 Minn. 79, 114 N.W.2d 737 (1962), where the claim of collateral estoppel was also raised. The *Robinson* court noted:

"* * * It is not possible to determine whether the jurors returned a verdict of acquittal because they credited the testimony in support of appellant's alibi, or for the reason that they found the state's evidence insufficient as to one or more essential elements of the offense charged."

*Id.* at 86, 114 N.W.2d at 742, quoting from *State v. Barton*, 5 Wash.2d 234, 241, 105 P.2d 63, 67.

The defendant's final claim is that this second prosecution violates Minn.Stat. § 609.035 (Supp.1983):

Except as provided in section 609.251 and 609.585, if a person's conduct constitutes more than one offense under the laws of this state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

The defendant claims that the "conduct" in this instance was the purchase and possession of the cocaine, and that such action constituted both the offense of possession and the offense of conspiracy to commit theft.

*State v. Zuehlke*, 320 N.W.2d 79 (Minn. 1982), indicates the standard for determining whether a person's conduct constitutes more than one intentional offense for purposes of Minn.Stat. § 609.035:

The approach used in determining whether two or more intentional crimes were part of the same course of conduct is to focus on the factors of time and place and also to consider whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective.

*Zuehlke*, at 82. The factor of place noted in *Zuehlke* is particularly relevant in this instance, since the conspiracy allegedly occurred and was prosecuted in Hennepin County, whereas the claims charging the defendant with possession and possession with intent to sell have been brought in Dakota County.

In the conspiracy trial, the state had the burden of proving (1) an agreement to commit a theft, (2) an overt act performed by one party to the conspiracy with the purpose of furthering the conspiracy, and (3) venue in Hennepin County. Minn.Stat. § 609.175, subd. 2 (1982). The state alleged as "overt acts" that the defendant went to the dealer's residence and purchased the cocaine. These acts did not occur in Dakota County, and proof of the conspiracy did not require further proof that the defendant took the cocaine back to his residence in Dakota County. Similarly, proof of the conspiracy did not require further proof that the theft actually occurred. *State v. Townley*, 142 Minn. 326, 171 N.W. 930 (1919). One commentator has suggested that a defendant may be separately prosecuted for conspiracy to commit an offense and the actual commission of that offense because they lack "a close relationship of time and place"; 50 Minn.L.Rev. 1102, 1115 (1966). Similarly in this instance the alleged conspiracy and the later possession of the cocaine in the defendant's home in Dakota County at a later date also lack this "close relationship of time and place."

As noted above, *Zuehlke* indicates that the conduct involved for purposes of Minn.Stat. § 609.035 must be motivated by an effort to obtain a single criminal objective. The Minnesota Supreme Court has held that a defendant may be prosecuted and punished for separate offenses if more than one criminal objective is discernable. Thus, in *State v. Scott*, 304 N.W.2d 296 (Minn.1981), where the defendant was found guilty of both a general scheme to induce a woman to prostitution and the commission of criminal sexual conduct partly in furtherance of that scheme, the court held that Minn.Stat. § 609.035 was not violated by sentencing the defendant separately for each offense, since the defendant "also had a separate independent

motivation for the act of criminal sexual conduct, namely, to satisfy his sexual impulses." *Scott,* at 298. Similarly in the present instance the state argues that the defendant's purchase of the cocaine, possession, and possession with intent to sell were as much for his own purposes as in furtherance of the alleged conspiracy.

 Finally, we note, although neither party has raised the issue, that the charges of possession and possession with intent to sell are not lesser-included offenses of conspiracy to commit theft. One may be involved in a conspiracy to commit a theft without committing the possession crimes and vice versa. *See* Minn.Stat. § 609.04 (1982); *Ture v. State,* 353 N.W.2d 518 (Minn.1984).

## DECISION

Prosecution of the defendant for possession of controlled substances and possession with intent to sell, following his acquittal of a charge of conspiracy to commit theft, is not violative of prohibitions against serialized prosecution, collateral estoppel, or double jeopardy. The trial court's denial of defendant's motion to dismiss is therefore affirmed.