## STATE v. JAMES WILLARD WILLMAN.

208 N. W. 2d 300.

June 8, 1973—No. 43688.

*C. Paul Jones,* State Public Defender, and *Mollie G. Raskind,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, *Theodore R. Rix, Vernon E. Bergstrom,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant, challenging the sufficiency of the evidence, appeals from a judgment of conviction of conspiracy to commit murder in the first degree, Minn. St. 609.175, subd. 2. We affirm.

The evidence, viewed in the light most favorable to the verdict of guilty, discloses that on July 7, 1971, defendant secured the agreement of one Anderson Toles to kill defendant's wife in return for $2,000 in cash, and then, with Toles, formulated a detailed plan for the commission of the crime. This plan specified that on the afternoon of July 9, 1971, defendant would drive Toles to the parking lot of his wife's apartment building where Toles would wait her expected return, stab her as she emerged from her automobile, and then escape with the aid of a "pickup man" driving another automobile. While Toles was awaiting defendant's wife's return, defendant was to drive back to his place of employment and establish an alibi. So that Toles would

be able to identify the intended victim, defendant gave him a photograph of her and wrote down the license number of her car on a map he had drawn.

After this meeting and after drinking a bottle of wine that defendant had purchased for him, Toles decided that he couldn't go through with the plan and contacted the police. In response to a police request he agreed to meet with defendant as planned on July 9.

On that day, defendant picked up Toles at the scheduled time and gave him $1,300 in cash, agreeing to pay the rest at $50 per week. Defendant then drove Toles to the vicinity of the planned crime and dropped him off. Moments later police who had covered the area stopped defendant and arrested him.

We believe that this evidence was sufficient to permit the trial court, acting as trier of fact, to find that defendant was guilty as charged. A defendant is guilty of conspiracy to commit first-degree murder if he conspires with one or more other persons to commit first-degree murder and if either he or one of his co-conspirators committed some overt act in furtherance of the conspiracy. Minn. St. 609.175, subd. 2. Here, contrary to defendant's contention on appeal, there was evidence that Toles not only communicated to defendant his agreement with the plan but actually intended to go through with it. Therefore, there was sufficient evidence that defendant conspired with at least one other person to commit first-degree murder.

Additionally, we believe that defendant's actions in formulating the detailed plan with Toles and in giving Toles the photograph and the map were overt acts in furtherance of the conspiracy. It is true that a short time later Toles changed his mind and decided against going through with the plan. But this change of mind on Toles' part did not negate the criminality of defendant's conduct. Once defendant had committed the overt acts in furtherance of the conspiracy, the crime of conspiracy was complete, notwithstanding Toles' subsequent change of mind. See, State v. Baynes, 279 Minn. 423, 157 N. W. 2d 371 (1968).

Affirmed.