## STATE v. JAMES CHARLES THOMPSON.

218 N. W. 2d 760.

June 7, 1974—No. 44255.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Robert E. Lucas,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, found guilty by a district court jury of aggravated

robbery, contends on this appeal from judgment of conviction that he was deprived of a fair trial by certain evidentiary rulings by the trial court and that, in any event, the evidence against him was, as a matter of law, insufficient to support the verdict. After careful consideration of these contentions, we affirm.

On the evening of Saturday, July 29, 1972, the night desk clerk at the Voyageur Motel in Duluth went to Room 224 in response to a complaint that the toilet in that room was clogged. Upon entering the room, he was grabbed from behind and forced to lie face down on the floor while his hands and feet were tied with wet motel towels and electrical cord from a motel lamp. The assailants, at whom the clerk did not get a good look, then removed $38 from his wallet and, using keys taken from him, unlocked the empty office and removed between $500 and $600. The man to whom Room 224 was registered, one "Mr. Jerry Roy," never was seen again at the motel, nor was the woman who had accompanied him, nor was the "Mr. St. Clair," who was registered in Room 220 and who had made the reservations for Mr. Roy.

As a result of this incident three people were charged with aggravated robbery—defendant, one Darrell Carpenter, and one Roxanne Stead. At defendant's separate trial the state produced the following evidence connecting defendant to this crime:

(1) Three witnesses identified Carpenter as the man who registered as Mr. St. Clair.

(2) Two witnesses identified defendant as the man who registered as Mr. Roy. One witness, a maid, testified that she took towels to Room 224 on the afternoon of the crime in response to a request for them. She testified that defendant was in the room, as was Roxanne Stead.

(3) A Duluth police officer testified that latent prints found in Room 224 belonged to defendant and that latent prints found on the surface of a petty cash box from which money had been taken belonged to Carpenter.

(4) A deputy sheriff for St. Louis County testified that on August 14, 1972, he flew to California, took custody of defendant,

Carpenter, and Miss Stead, and returned them to Minnesota to face charges.

Defendant's first contention regarding the trial court's evidentiary rulings relates to the ruling that the police officer was qualified to testify as an expert on fingerprint identification. While it is true that the officer had not had any formal training in the field of fingerprint identification, it appears from the record that he had obtained considerable on-the-job experience in the field, that he had received supervision from superiors having unchallenged credentials, and that he had studied leading books in the field. In view of these facts, we conclude that the trial court did not abuse its broad discretion in holding that the officer was sufficiently qualified to testify as an expert. See, State v. Coy, 294 Minn. 281, 200 N. W. 2d 40 (1972).

Defendant also contends that the expert should not have been permitted to testify that Carpenter's print was found on the cash box because that evidence was relevant only to Carpenter's guilt and deprived defendant of his right to a fair trial separate from Carpenter. Defendant contends that for this same reason the in-court identification of Carpenter by three people was improper. We disagree with defendant's contentions because we believe that the evidence in question was relevant evidence tending to connect defendant to the offense. See, with respect to this, State v. Jackson, 275 Minn. 462, 147 N. W. 2d 689 (1967).

Defendant's other contention, that the evidence was insufficient to permit conviction, does not merit detailed discussion. We believe the record clearly shows that the evidence was sufficient to support the conviction.

Affirmed.