STATE of Minnesota, Respondent,

v.

Elizabeth Jean HAPPEL, Appellant.

No. 47054.

Supreme Court of Minnesota.

Nov. 4, 1977.

William R. Kennedy, Hennepin County Public Defender, Gerard W. Snell, David G. Roston, Robert T. Dolan and Keven S. Burke, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson and Phebe S. Haugen, Asst. County Attys., and Lee Barry, Law Clerk, Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of charges of conspiracy to commit first-degree murder and of attempted first-degree murder, and was sentenced by the trial court to a limited maximum term of 10 years in prison on the conspiracy conviction. Defendant appeals from judgment of conviction and we affirm.

In 1969 defendant, with the assistance of her daughter from an earlier marriage who was living in Des Moines, hired a Des Moines cab driver named Bill Dawson to come to Minnesota and to kill her paramour, Jack Farris, who was planning on leaving her. The killing was to occur on Sunday, January 26, but Farris, after being stabbed once and while being shot at, managed to escape and call police. Shortly thereafter, defendant left the state and was not brought to trial until 1976, after she was found living in Tulsa, Oklahoma, married to a contractor. In the meantime, Dawson and the man who aided him in the aborted attempt pleaded guilty to charges of aggravated assault and aggravated robbery, respectively, and defendant's daugh-

ter was acquitted of the conspiracy and attempted murder charges.

■ 1. Defendant's first contention is that both convictions should be reversed because the trial court erred in refusing to grant a midtrial continuance when her local counsel, who was appointed to assist an out-of-state counsel retained for her by her husband, became ill. We hold that under the circumstances, the trial court did not abuse its discretion in denying the continuance—see, *State v. Fagerstrom*, 286 Minn. 295, 176 N.W.2d 261 (1970)—and, in any event, defendant was well represented by her privately retained counsel and has not shown any prejudice from the denial of her motion.

2. Defendant's second argument is that her conspiracy conviction must be reversed because (a) neither her daughter nor Dawson was convicted of conspiracy and (b) the court did not instruct the jury properly on the offense.

■ (a) This court's decision in *State v. St. Christopher*, 305 Minn. 226, 232 N.W.2d 798 (1975), answers the first of these contentions. Minn.St. 609.175, the conspiracy statute, is phrased in unilateral terms and, as this court held in *St. Christopher*, a defendant may be violated of violating the statute even if the person or persons with whom he agreed have not been or cannot be convicted of conspiracy.

(b) Defendant's other contention relating to the conspiracy conviction is that the court did not instruct the jury on the jurisdictional requirements of the conspiracy statute. Specifically, defendant contends that under § 609.175 as it read in 1969, a violation did not occur if all the conspirators were present within Minnesota at the time the agreement was entered, and that therefore the court should have instructed the jury that in order to convict it had to find that at least one of the parties to the conspiracy was outside Minnesota when the agreement was entered.

Minn.St. 609.175, subd. 3, as it read when enacted in 1963 and when the crime in this case was committed was as follows:

"This section applies if:

"(1) The defendant in this state conspires with another outside of this state; or

"(2) The defendant outside of this state conspires with another in this state; or

"(3) The defendant outside of this state conspires with another outside of this state and an overt act in furtherance of the conspiracy is committed within this state by either of them."

■ Defendant's contention is that the subdivision is worded so as to limit the application of the statute to the circumstances described. A more plausible reading of the subdivision is that it was designed to expand or at least clarify the jurisdiction of this state's courts over conspiracies committed in part outside Minnesota. That this was the intent is evidenced by the Advisory Committee Comments, 40 M.S.A. 182, where it is stated that the committee felt that it was desirable to have an explicit provision clarifying the state's jurisdiction over conspiracies committed in part outside Minnesota. It is also evidenced by the subsequent clarifying amendment to the section which made it clear that the section also applies if "(4) The defendant in this state conspires with another in this state." L.1975, c. 279, § 1.

■ 3. Defendant's final contention is that her attempt conviction must be reversed on the ground of insufficient evidence because Dawson could not have been found guilty of the offense if he had been charged with it. There is no merit to this. It is true Dawson testified that he never actually intended to kill Farris, but this part of his testimony was clearly contradicted by other evidence which suggested strongly that he intended to kill Farris. Defendant's conviction of being an accomplice in this attempted murder was therefore proper.

Affirmed.

SHERAN, C. J., and SCOTT, J., took no part in the consideration or decision of this case.