**James Willard WILLMAN, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 48120.**

Supreme Court of Minnesota.

May 5, 1978.

David Nord, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

This is an appeal from an order of the district court denying a petition for post-conviction relief from a judgment of conviction entered against petitioner in 1971 for conspiracy to commit first-degree murder.[1] Petitioner contends that his conviction was improper because the conspiracy was committed wholly within Minnesota and the conspiracy statute at the time did not cover conspiracies committed entirely within Minnesota. We affirm.

Minn.St.1974, § 609.175, subd. 3, as it read when enacted in 1963 and when the crime in this case was committed was as follows:

"This section applies if:

"(1) The defendant in this state conspires with another outside of this state; or

"(2) The defendant outside of this state conspires with another in this state; or

"(3) The defendant outside of this state conspires with another outside of this state and an overt act in furtherance of the conspiracy is committed within this state by either of them."

By L.1975, c. 279, § 1, the legislature added a fourth paragraph to subd. 3, making it clear that the section also applies if "[t]he defendant in this state conspires with another in this state."

Petitioner contends that this amendment was a legislative recognition that before then one could not be convicted of a conspiracy committed entirely within Minnesota.

Recently, however, in *State v. Happel,* Minn., 259 N.W.2d 600 (1977), we considered and rejected an identical contention. As we said there, the drafters of subd. 3 had not tried to limit the application of the statute to the circumstances described but "to expand or at least clarify the

---

1. This court affirmed that conviction in *State v. Willman,* 296 Minn. 322, 208 N.W.2d 300 (1973).

jurisdiction of this state's courts over conspiracies committed in part outside Minnesota." Minn., 259 N.W.2d 601. That intent was evidenced by the Advisory Committee Comments to the 1963 law, 40 M.S.A. p. 182, stating the committee's opinion that it was desirable to have an explicit provision clarifying the state's jurisdiction over conspiracies committed partly outside the state. The 1975 amendment, then, was not legislative recognition of a former statutory omission and would not actually have been necessary, but was merely for reasons of clarity.

Affirmed.