STATE of Minnesota, Respondent,

v.

George G. CHAMBERLAIN, Appellant.

No. 50650.

Supreme Court of Minnesota.

Jan. 9, 1981.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

George G. Chamberlain, pro se.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Asst. County Atty., Chief, Appellate Section, and Thomas A. Weist, Law Clerk, Minneapolis, for respondent.

## OPINION

SCOTT, Justice.

Defendant, age 39, was originally charged by four separate complaints with committing sex offenses against four different 13– or 14–year–old girls in Hennepin County. At defendant's request the offenses were all joined for one trial. The jury found defendant guilty of having committed at least one sexual offense against each girl. The trial court sentenced defendant to consecutive prison terms of 3–20 years for the criminal sexual conduct first against one victim and 3–5 years each for three different acts of criminal sexual conduct fourth, one per remaining victim. On this appeal defendant contends that (1) all the convictions should be reversed outright because the evidence of his guilt was legally insufficient; (2) alternatively he should be given a new trial because the trial court erred in (a) permitting use of one of defendant's prior convictions to impeach his credibility and (b) denying a defense motion

challenging the alternative pleading of the complaint charging the offenses against one of the girls; or (3) at least one of the two convictions out of his conduct against one of the girls should be vacated.

 There is no merit to defendant's contention that the evidence of his guilt was legally insufficient or his contention that the trial court erred in permitting use of one of his prior convictions for impeachment purposes.

The issue concerning the pleadings is based on the fact that the prosecutor charged defendant with four charges for his alleged sexual penetration of and sexual contact with one of the victims, a mentally retarded girl under 16. Defendant does not contend that it was improper to have separate charges for the contact and penetration but alleges that it was improper to have two counts for the contact and two for the penetration, one each based on the victim's being mentally defective and one each based on the victim being under 16. Defendant contends that the effect of four counts and the reliance on evidence of the victim's mental deficiency was to unnecessarily aggravate the seriousness of the defendant's conduct in the jury's eyes and that therefore a new trial is required.

We hold otherwise. Where it appears to the prosecutor from the evidence that there are different theories of how the defendant committed the same crime, the prosecutor, in order to protect the state's interests and avoid a fatal variance of the evidence, may use either two counts or alternative pleading within the same count. *See* A. Scott, Jr., *Fairness in Accusation of Crime*, 41 Minn.L.Rev. at 509, 535 (1957).

While it was not unfair to use the alternative counts, it would be unfair to permit both of the resulting convictions of criminal sexual conduct fourth, one based on the fact that the victim was mentally defective and one on the fact that she was under 16, to stand. The state concedes, and we agree, that under the principles embodied in Minn.Stat. § 609.04 (1978) and expressed in our case law—*see, e. g., State v.*

*Koonsman,* 281 N.W.2d 487 (Minn.1979)—one of the two must be vacated.

Defendant's other contentions, raised in his supplemental pro se brief, are meritless.

One of the two judgments of conviction for criminal sexual conduct in the fourth degree in district court file 72114 is vacated; all other judgments of conviction against defendant in this prosecution are affirmed.