STATE of Minnesota, Respondent,

v.

Randy CEGON, Appellant.

No. 50765.

Supreme Court of Minnesota.

Aug. 21, 1981.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., Appellate Section, Thomas A. Weist and Anne E. Peek, Law Clerks, Minneapolis, for respondent.

AMDAHL, Justice.

Defendant and a codefendant were charged in district court by a one-count complaint with committing and aiding or abetting the commission of criminal sexual conduct in the third degree by using force or coercion to accomplish the penetration of the complainant, a young woman who was nearly 7 months pregnant. Minn.Stat. §§ 609.344(c), 609.05(1) (1980). Defendant was tried first and a jury found him guilty as charged. The trial court sentenced him to a maximum prison term of 10 years. The codefendant was tried a week later by a different jury and acquitted. On this appeal from judgment of conviction defendant contends that (1) his conviction should be reversed outright because (a) the evidence that he personally committed the offense was legally insufficient and (b) his conviction was improper to the extent that

it was based on a finding of aiding and abetting the codefendant, since the codefendant was subsequently acquitted by a different jury, and (2) alternatively, he should be given a new trial because the prosecutor committed prejudicial misconduct in his closing argument. We affirm.

1. We hold that defendant was properly charged alternatively with personally committing an act of criminal sexual conduct and/or aiding and abetting the codefendant in the commission of such an act, *State v. Chamberlain,* 301 N.W.2d 313 (Minn.1980), and that the evidence of the separately-tried codefendant's conduct was properly admitted at defendant's trial. *State v. Ray,* 273 N.W.2d 652 (Minn.1978); *State v. Thompson,* 300 Minn. 220, 218 N.W.2d 760 (1974); *State v. Jackson,* 275 Minn. 462, 147 N.W.2d 689 (1967). The evidence of defendant's guilt of personally committing an act of criminal sexual conduct was legally sufficient. We therefore cannot presume that the general guilty verdict was based solely on a finding that defendant aided and abetted the codefendant. However, even if this were so, we would have to affirm. Contrary to what defendant argues, the fact that a different jury subsequently acquitted the man he was accused of aiding and abetting would not render defendant's conviction for aiding and abetting improper. Even if the doctrine of nonmutual collateral estoppel could be used by a criminal defendant, it would not apply in this situation, but it is clear that the doctrine may not be used by a criminal defendant. *Standefer v. United States,* 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). *See also State v. Happel,* 259 N.W.2d 600 (Minn.1977); Minn. Stat. § 609.05, subd. 4 (1980).

2. Defendant's contention that the prosecutor committed prejudicial misconduct in his closing argument is meritless. The prosecutor did inadvertently misstate the evidence at one point but in the context of his entire argument it was clear to the jury that it was a misstatement. Not only did defense counsel not object to the misstatement, but the jurors were properly admonished to rely on their own recollections of the evidence.

Affirmed.