**STATE of Minnesota, Respondent,**

**v.**

**Gary Leon MARSHALL, Appellant.**

**No. C3–83–704.**

Supreme Court of Minnesota.

Nov. 21, 1984.

William E. McGee, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County Atty., Vernon E. Bergstrom, Rick Osborne, Michael Richardson, Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was indicted by a grand jury on two counts of murder in the second degree—I., intentional murder; II., felony murder—in connection with the stabbing death of Jessie Dawkins on February 20, 1982. Defendant moved to dismiss count II, arguing that the indictment was duplicitous and that the merger doctrine barred ·his conviction. The trial court denied the motion. Defendant thereafter was found guilty by a jury of felony murder, the jury rejecting his claim that he killed in self-defense. The trial court sentenced defendant to the then presumptive sentence of 140 months (severity level X; criminal history score two).[1] On this appeal, defendant argues that his conviction of felony murder was barred by the merger doctrine and that his right to a fair trial was denied by the duplicity of the indictment. We affirm.

1. Under the merger doctrine a felony cannot support a conviction for felony murder unless the felony is independent of the homicide, something that defendant argues is not the case when the underlying felony is assault. We expressly declined to adopt the doctrine in two controlling cases filed while this appeal was pending: *State v. Cromey,* 348 N.W.2d 759 (Minn.1984); *State v. Jackson,* 346 N.W.2d 634 (Minn. 1984).

2. Defendant's second contention is that it was improper and unfair to charge him in the same indictment with violating two different provisions of the same statute, Minn.Stat. § 609.19 (1982). This contention is answered by our decisions in *State v. Cegon,* 309 N.W.2d 313 (Minn.1981), and *State v. Chamberlain,* 301 N.W.2d 313 (Minn.1981), both of which uphold the use of multiple counts or alternative pleading within the same count when it appears from the evidence that

---

1. In 1983 the Sentencing Guidelines Commission retroactively changed the severity level for felony murder under Minn.Stat. § 609.19(2) from X to IX, thereby reducing the presumptive sentence for the offense by a person with a criminal history score of one from 140 (133–147) to 119 (116–122) months. The issue whether defendant is entitled to a reduction in sentence is not before us.

there are two different theories how defendant committed the same crime.

Affirmed.