STATE of Minnesota, Appellant,

v.

Bjorn Andrew OLSON, Kenneth Lavern Hahn, Respondents.

Nos. C4–91–1132, C6–91–1133.

Court of Appeals of Minnesota.

Dec. 3, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert R. Benson, Fillmore County Atty., Preston, for appellant State.

Frederick S. Suhler, Jr., Rochester, for respondent Olson.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Minneapolis, for respondent Hahn.

Considered and decided by HUSPENI, P.J., and AMUNDSON and FLEMING,* JJ.

## OPINION

WILLIAM J. FLEMING, Acting Judge.

These consolidated appeals are from separate pretrial orders dismissing perjury complaints against respondents Olson (C4–91–1132) and Hahn (C6–91–1133). We affirm the dismissal as to Hahn, and reverse and remand the dismissal as to Olson.

## FACTS

The state by separate complaints charged respondents Hahn and Olson with perjury for giving allegedly false testimony at Hahn's trial on three misdemeanor offenses.

The state had alleged that the misdemeanor offenses occurred in the early morning hours of October 14, 1990, in Spring Valley, Minnesota. Deputy Mark Anderson testified he encountered Hahn and Olson twice over the course of that night. The first time, he testified, he had observed an open bottle in the car they were occupying but could not tell who had been driving. On the second occasion, Anderson testified, Hahn and Olson fled after he found an open can of beer on the floor of the car. Anderson testified that Hahn's parents, who had called police earlier, were present at the scene of this second encounter.

Olson testified as a defense witness, stating that he and Hahn had been in Spring

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Valley earlier in the evening, but had gotten a ride to Rochester. Olson testified he and Hahn had had no encounters with Deputy Anderson on the night of October 13–14.

Hahn also presented his own testimony, relating the trip to Rochester, and denying that he had encountered Deputy Anderson either earlier or later in the evening, as Deputy Anderson had testified. On rebuttal, the state recalled Deputy Anderson, who testified there was no chance of a mistaken identification.

In closing argument, Hahn contended that the alibi testimony established a reasonable doubt. The trial court, sitting in place of a jury, concluded:

Well, the Court has some doubt on this particular matter because the evidence given by the defendant has not been rebutted satisfactorily. The Court is going to find the defendant not guilty on the charges alleged in this particular case.

When perjury charges were filed against him, Hahn moved to dismiss based on collateral estoppel. Olson filed a motion to dismiss claiming lack of probable cause. The trial court granted Hahn's motion to dismiss, concluding "the perjury charged herein involves the crux of the decision by the trial judge," and was barred by collateral estoppel. The court also ordered dismissal of the charges against Olson, incorporating by reference the memorandum attached to the Hahn order.

## ISSUES

1. Did the trial court clearly err in dismissing the perjury complaint against Hahn?

2. Did the trial court clearly err in dismissing the complaint against Olson?

## ANALYSIS

### I.

A pretrial order will be reversed only if the state demonstrates clearly and unequivocally that the trial court erred and that the error would have a critical impact on the outcome of the trial. *State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.

1987). Because the trial court dismissed both complaints, the "critical impact" prong of this test is met.

Collateral estoppel may bar a prosecution for perjury brought against a defendant who has been acquitted in the trial in which the allegedly perjurious testimony was offered. *See generally State v. DeSchepper*, 304 Minn. 399, 231 N.W.2d 294 (1975). The state, however, argues the trial court clearly erred in applying collateral estoppel to the charges against Hahn.

The supreme court in *DeSchepper* adopted a rule that collateral estoppel would bar a later prosecution for perjury only if "a conviction of perjury would necessarily import a contradiction of the acquittal." *Id.* at 403, 231 N.W.2d at 297. Under this rule, the application of collateral estoppel depends on "whether the truth of defendant's testimony was necessarily determined in [the] first trial * * *." *Id.* at 411, 231 N.W.2d at 301.

The trial court, citing the misdemeanor trial judge's comment on the state's lack of further rebuttal to the alibi defense, concluded that the prior acquittal rested on the very testimony the state is now charging was perjurious. We agree.

The state argues that the truth or falsity of the alibi testimony was not "necessarily adjudicated," *id.* at 403, 231 N.W.2d at 297, because the record reveals other deficiencies in the state's proof of the misdemeanor charges. This argument would have merit if the prior acquittal had been by a jury's general verdict. *See State v. Robinson*, 262 Minn. 79, 86–88, 114 N.W.2d 737, 742–43 (1962) (collateral estoppel did not bar assault charges unless defendant could show prior acquittal of burglary was based solely on jury's acceptance of his alibi defense), *cert. denied*, 371 U.S. 815, 83 S.Ct. 26, 9 L.Ed.2d 56 (1962). However, the judge in acquitting Hahn made a comment, and an implied finding, that Hahn's alibi defense, including his own testimony, was at least credible enough to create a reasonable doubt as to his presence in Spring Valley at the times alleged. *See generally* Minn.R.Crim.P. 26.01, subd. 2 (in cases tried to the court, trial judge is to make findings of fact).

■ There is no difficulty in determining the basis of the trial judge's acquittal. *Cf. State v. McAlpine*, 352 N.W.2d 101, 103 (Minn.App.1984) (possible explanations for jury's acquittal were equally likely). Although the trial judge's comment does not indicate how credible Hahn's own testimony was found to be, the state, in order to prove the falsity of that testimony, would have to relitigate the issue whether Deputy Anderson encountered Hahn on the night of October 13–14. Moreover, it would have to prove the encounter(s) by the same standard of proof beyond a reasonable doubt as applied in the misdemeanor trial. *Cf. In re Kaldahl*, 418 N.W.2d 532, 535 (Minn.App. 1988) (criminal acquittal was not res judicata barring administrative proceeding subject to lesser standard of proof). Although the state could present new evidence, one of the purposes of the double jeopardy protection is to prevent the state from refining its case in successive prosecutions. *State v. Kjeldahl*, 278 N.W.2d 58, 60 n. 6 (Minn.1979).

The trial court did not clearly err in dismissing the perjury complaint against Hahn.

## II.

■ The trial court by separate order granted respondent Olson's motion to dismiss, without discussing lack of probable cause, the grounds for the motion. Because the court referenced its memorandum in the *Hahn* case on collateral estoppel, we must address the application of that doctrine to Olson.

■ In a criminal prosecution, the doctrine of collateral estoppel is an aspect of the fifth amendment guarantee against double jeopardy. *DeSchepper*, 304 Minn. at 406, 231 N.W.2d at 298. Olson was not a defendant in the prior misdemeanor prosecution; therefore, the protections of the double jeopardy clause do not apply to him. *See Kjeldahl*, 278 N.W.2d at 60. Moreover, nonmutual collateral estoppel cannot be asserted by a criminal defendant. *Standefer v. United States*, 447 U.S. 10, 21–25, 100 S.Ct. 1999, 2007–08, 64 L.Ed.2d 689 (1980); *State v. Cegon*, 309 N.W.2d 313, 314 (Minn.1981). If Olson were charged with the misdemeanor offenses alleged to

have occurred on October 13–14, he could not assert Hahn's acquittal as a bar to prosecution. *See Cegon*, 309 N.W.2d at 314 (accomplice's acquittal does not estop criminal prosecution of defendant). Thus, he cannot assert that acquittal as a bar to the relitigation of that issue in a perjury prosecution.

The trial court's order is clearly erroneous insofar as it dismisses the complaint against Olson on grounds of collateral estoppel. However, the record is sufficiently ambiguous with respect to the grounds for the order that we must remand for a consideration of the motion to dismiss for lack of probable cause.

## DECISION

The trial court did not clearly err in dismissing the perjury complaint against respondent Hahn. The court clearly erred insofar as it dismissed the complaint against Olson on collateral estoppel grounds. On remand, the court should address the stated grounds for Olson's motion to dismiss.

Affirmed in part, reversed in part, and remanded.