**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0050**

State of Minnesota,
Respondent,

vs.

Adaiah Deontraie Townsend,
Appellant.

**Filed December 7, 2015**
**Affirmed**
**Klaphake, Judge**[*]

Hennepin County District Court
File No. 27-CR-13-31433

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Carlo E. Faccini, Sensus Legal Center, Anoka, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Stauber, Judge; and Klaphake, Judge.

**S Y L L A B U S**

A factual basis for a valid guilty plea to the crime of aiding an offender after the fact can be established without regard to whether the principal offender is convicted of the underlying offense.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## O P I N I O N

**KLAPHAKE**, Judge

Appellant argues that the district court erred by denying his motion to withdraw his guilty plea to the offense of aiding an offender after the fact, Minn. Stat. § 609.495, subd. 3 (2012), when a jury subsequently found the principal offender not guilty of the underlying offense. We affirm.

## FACTS

In May or June 2013, appellant Adaiah Donotraie Townsend purchased a handgun from Damin Shufford. On June 26, 2013, Shufford asked Townsend if he could have the gun back because he intended to rob someone. Townsend loaned him the unloaded gun. Later that day, Shufford called Townsend and asked him to go to the parking lot of an apartment complex. Shufford gave Townsend the gun and told him that the "situation went sour, and he had to slump the guy." Shufford led Townsend and two others, Steven Graham and Davonte Trawick, to another parking lot, and showed them a dead man in a car. Graham removed a wallet from the car and distributed money among the group of four. Shufford asked for the gun, but Townsend did not give it to him.

In August 2013, the gun was found in Townsend's possession after police stopped a car in which he was a passenger. The gun was identified as the murder weapon and Townsend was arrested and charged with aiding and abetting first- and second-degree murder, and aiding and abetting attempted first-degree aggravated robbery. An indictment for aiding and abetting first-degree murder was subsequently returned. After plea negotiations, Townsend agreed to plead guilty to an amended offense of aiding an

2

offender after the fact, and to testify against Shufford. Before he was sentenced, Townsend testified at Shufford's trial. Shufford was found not guilty by the jury.

Townsend moved at his sentencing hearing to withdraw his guilty plea, under both the fair-and-just and manifest-injustice standards. The district court denied his motion and sentenced Townsend to 74 months in prison. This appeal followed.

## ISSUES

1.      Did the district court err by refusing to permit Townsend to withdraw his guilty plea to correct a manifest injustice?

2.      Did the district court abuse its discretion by refusing to permit Townsend to withdraw his plea before sentencing under the fair-and-just standard?

## ANALYSIS

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). "At any time the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1.

Before sentencing, a district court may permit a defendant to withdraw a guilty plea "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Under the fair-and-just standard, the district court may exercise its discretion and permit withdrawal of a guilty plea, after giving "due consideration to the reasons advanced by the defendant." *Farnsworth*, 738 N.W.2d at 371 (quoting Minn. R. Crim. P. 15.05, subd. 2). Townsend asserts that both standards apply to his motion to withdraw his guilty plea.

3

## I.

Townsend argues that the district court erred by refusing to permit him to withdraw his guilty plea in order to correct a manifest injustice. A manifest injustice occurs when a guilty plea is not valid. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Id.* Townsend concedes that his plea was voluntary and intelligent. "The accuracy requirement protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id.* "There must be sufficient facts *on the record* to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012) (quotation omitted). Townsend has the burden of demonstrating that his plea was not accurate. *Raleigh*, 778 N.W.2d at 94. We review the validity of a plea as a question of law subject to de novo review. *Id.*

Townsend contends that the factual basis for his plea was inaccurate because the state could not prove the elements of the offense to which he pleaded guilty: that Shufford committed the offense of first-degree murder and that Townsend knew that he did. Townsend argues that the facts that he testified to at Shufford's trial were the same as those used as a factual basis for his plea, and a jury concluded that these facts did not prove beyond a reasonable doubt that Shufford was guilty. Therefore, Townsend asserts, these facts do not provide an adequate factual basis for his guilty plea.

The statute under which Townsend was convicted provides that "[w]hoever intentionally aids another person whom the actor knows or has reason to know has

committed a criminal act, by destroying or concealing evidence of that crime, . . . [or] receiving the proceeds of that crime . . . is an accomplice after the fact." Minn. Stat. § 609.495, subd. 3. The elements of this offense are: (1) Shufford committed the crime of first-degree murder; (2) Townsend knew or had reason to know that Shufford committed first-degree murder; (3) Townsend concealed evidence of the crime or received proceeds of the crime; and (4) Townsend acted with intent to aid Shufford. *See* 10A *Minnesota Practice*, CRIMJIG 24.13 (2006). This offense is distinguished from those in which a person aids and abets the commission of a crime or conspires with another to commit a crime; a person who aids an offender after the fact "'interfere[es] with the processes of justice and is best dealt with in those terms.'" *State v. Skipintheday*, 717 N.W.2d 423, 427 (Minn. 2006) (quoting 2 Wayne R. LaFave, *Substantive Criminal Law* § 13.6(a), at 404 (2d ed. 2003)).

Townsend argues that his factual admissions are inadequate because he could not know that a crime was committed if Shufford was found not guilty of first-degree murder. He relies on *In re Welfare of A.C.N.*, 583 N.W.2d 303, 305-06 (Minn. App. 1998), in which this court stated "that the element of knowledge of the underlying offense must be proven as other elements." But *A.C.N.* was decided before an amendment to the statute, which added the words "has reason to know" to the statute. *See* 2001 Minn. Laws 1st Spec. Sess. ch. 8, art. 8, §§ 24-25, at 2082-83 (amending section 609.495, subdivisions 1(a) and 3). This amendment "reduced the state's burden of proof by allowing the prosecutor to show that the accused has reason to know that a

5

crime has been committed." *State v. Hager*, 727 N.W.2d 668, 675 (Minn. App. 2007) (quotation omitted).

The crucial point here is the first element: whether Shufford committed first-degree murder if he was later found not guilty. The statutory language is "the actor knows or has reason to know [that someone] has committed a criminal act." Minn. Stat. § 609.495, subd. 3. "The objective of statutory interpretation is to ascertain and effectuate the Legislature's intent." *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013).

> If the Legislature's intent is clear from the statute's plain and unambiguous language, then [an appellate court] interpret[s] the statute according to its plain meaning without resorting to canons of statutory construction. But, if a statute is susceptible to more than one reasonable interpretation, then the statute is ambiguous and [the court] may consider the canons of statutory construction to ascertain its meaning.

*Id.* (citations omitted).

The plain language of the statute does not require *conviction* of a criminal act; rather, a person must *commit* a criminal act. Townsend admitted the following at the plea hearing: (1) he lent Shufford his gun because Shufford intended to rob someone; (2) Shufford told him that the robbery had gone "sour" and that he had to "slump" the victim; (3) Townsend went with Shufford to the site of the murder and Shufford showed him the dead victim in a car, saying that the victim is "not waking up" because Shufford "slumped him"; and (4) Townsend knew the gun had been used to kill the victim. These admitted facts "support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Lussier*, 821 N.W.2d at 588. Townsend admitted to facts that described the commission of first-degree murder by Shufford and demonstrated

that Townsend had reason to know that Shufford had committed the crime. Therefore, Townsend's plea was accurate.

Townsend did not plead guilty to aiding and abetting the underlying crime, but such cases provide the reasoning for upholding a related conviction when the principal actor has been acquitted. The Minnesota Supreme Court stated that acquittal of a principal offender does not affect the conviction of a defendant charged with aiding and abetting the principal. *State v. Cegon*, 309 N.W.2d 313, 314 (Minn. 1981); *see also State v. Iverson*, 396 N.W.2d 599, 603 (Minn. App. 1986) (applying *Cegon*), *review denied* (Minn. Jan. 18, 1987). The supreme court relied on the United States Supreme Court's decision in *Standefer v. United States*, in which the Court discussed the reasons why nonmutual collateral estoppel does not apply in criminal cases, citing differences between civil and criminal rules of evidence; the fact that the state cannot challenge an acquittal, despite clear evidence of guilt; and the rules of suppression that can be invoked by one defendant, but not by other parties to the crime. 447 U.S. 10, 22-24, 100 S. Ct. 1999 2007-08 (1980). The Court noted that "[t]his case does no more than manifest the simple, if discomforting, reality that different juries may reach different results under any criminal statute. That is one of the consequences we accept under our jury system. While symmetry of results may be intellectually satisfying, it is not required." *Id.* at 25, 100 S. Ct. at 2008-09 (quotation omitted).

While it may seem unfair for Townsend to suffer a penalty greater than Shufford, it is also within the power of a jury to find Townsend not credible or to exercise lenity toward a defendant. The jury is the ultimate judge of credibility and it may have rejected

7

Townsend's testimony. *See State v. Reese*, 692 N.W.2d 736, 741 (Minn. 2005) [holding in *Cegon* was that evidence was sufficient to convict defendant as principal] (acknowledging that assessment of witness credibility is a jury function). Or the jury could have exercised jury lenity, "the extraordinary power of the jury to issue a not-guilty verdict even if the law as applied to the proven facts establishes that the defendant is guilty." *State v. Hooks*, 752 N.W.2d 79, 86 (Minn. App. 2008). But the fact of the jury's rejection of Townsend's trial testimony or its act of lenity in Shufford's case does not demand lenity as to Townsend in his separate criminal action with the same underlying facts. Because Townsend's guilty plea was accurate, and, therefore, valid, the district court did not err by denying Townsend's motion to withdraw his guilty plea based on manifest injustice.

## II.

Under the fair-and-just standard, a court considers the reasons a defendant offers to support withdrawal of a guilty plea and the prejudice to the state should withdrawal be permitted. *Raleigh*, 778 N.W.2d at 97. The defendant has "the burden of advancing reasons to support withdrawal"; the state has the burden of showing the prejudice that would be caused by withdrawal. *Id.* This is a less demanding standard than the manifest-injustice standard, but it does not permit withdrawal of "a guilty plea for simply any reason." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quotation omitted). We review the district court's decision for an abuse of discretion. *Raleigh*, 778 N.W.2d at 97.

Townsend's sole reason for asking to withdraw his plea is that he "faces punishment for an after-the-fact role in a murder that a jury determined could not be

proved beyond a reasonable doubt." As set forth above, the offense of aiding an offender after the fact requires the defendant to know or have reason to know that another person had committed a criminal act as defined by section 609.495, subdivision 3. The statute does not require that the other person be *convicted* of the crime. This argument raises no more persuasive reason for relief under the fair-and-just standard. Townsend had the opportunity to present his case to a jury but chose to waive his trial rights to take advantage of a favorable plea negotiation. The district court did not abuse its discretion by concluding that Townsend's realization that he made a bad bargain did not provide him with a fair and just reason to withdraw his guilty plea. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S. Ct. 2398, 2407 (2005) ("[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.").

## D E C I S I O N

Because Townsend admitted to a sufficient factual basis to aiding an offender after the fact, his guilty plea was accurate despite the fact that the principal offender was acquitted of the underlying offense.

**Affirmed.**