*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1941**

Ta-Raj Tondell Satari Benness, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 27, 2016
Affirmed
Kalitowski, Judge***

Hennepin County District Court
File No. 27-CR-05-007366

Beau D. McGraw, McGraw Law Firm, P.A., Lake Elmo, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Hannah J. Prokopowicz (certified student attorney), Minneapolis, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and

Kalitowski, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KALITOWSKI**, Judge

On appeal from denial of his postconviction petition, appellant Ta-Raj Tondell Satari Benness argues the district court abused its discretion in dismissing his petition as time-barred. We affirm.

## DECISION

In 2005, Ta-Raj Benness pleaded guilty to second-degree murder in the Hennepin County shooting death of Michael Harmon. Benness challenged his 306-month sentence on direct appeal to this court, which affirmed the sentence. *State v. Benness*, No. A05-2367, 2007 WL 1322156 (Minn. App. May 8, 2007), *review denied* (Minn. July 17, 2007). The Minnesota Supreme Court denied his petition for further review of his sentence in July 2007.

In 2015, Benness filed a petition for postconviction relief in the district court seeking to withdraw his guilty plea. Benness's postconviction petition was accompanied by his affidavit, dated January 13, 2015, which states that he had "just become aware of the injustice in [his] case" in that he "realized that [he] entered into [a] plea agreement without . . . understanding the legal options available to [him]." Specifically, his affidavit stated that he now understands and believes that he "could have made a viable case for self-defense at trial." Benness asserts that he would not have pleaded guilty if he had "known [he] could have gone to trial and presented a self-defense claim."

The district court denied Benness's petition without a hearing, concluding the petition was time-barred and did not meet any of the exceptions to the general two-year

2

time bar established by Minn. Stat. § 590.01, subd. 1 (2014). On appeal, Benness argues that his claim meets the interests-of-justice exception to the general two-year time bar for postconviction relief under Minn. Stat. § 590.01, subd. 4(b)(5) (2014). He asserts that he must be allowed to withdraw his guilty plea in order to "correct a manifest injustice," pursuant to Minn. R. Crim. P. 15.05, subd. 1.

Minnesota appellate courts "review a denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). We review factual determinations for clear error and legal conclusions de novo. *Id.*

A convicted person may seek postconviction relief if "the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1. But "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a)(2) (2014). Notwithstanding that two-year time limit, "a court may hear a petition for postconviction relief if" certain exceptions are met. *Id.*, subd. 4(b). Among those exceptions is that "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is *in the interests of justice*." *Id.*, subd. 4(b)(5) (emphasis added). A petitioner for postconviction relief is not entitled to a hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat.

§ 590.04, subd. 1 (2014); *see Opsahl v. State*, 677 N.W.2d 414, 423 (Minn. 2004) (holding that, in order to prevail on a request for a hearing, a petitioner must "allege facts that, if proven, would entitle him [or her] to the requested relief").

Benness does not challenge the district court's conclusion that his conviction became final 90 days after the Minnesota Supreme Court denied his petition for further review in 2007. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013). As the district court correctly reasoned, the statute of limitations for filing a postconviction petition in this case began to run in 2007, and the two-year rule became effective to generally bar postconviction relief in 2009. *See* Minn. Stat. § 590.01, subd. 4(a)(2); *Berkovitz*, 826 N.W.2d at 207.

But Benness argues that his claim qualifies for an exception to the general time bar because his "petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). The interests-of-justice exception to the general time bar for postconviction relief is only applied in "exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). The Minnesota Supreme Court has identified a nonexhaustive list of factors that we may consider in assessing the applicability of the interests-of-justice exception, which includes whether "a claim [has] substantive merit" and whether there appears to have been "some fundamental unfairness to the defendant." *Id.* at 586-87. Here, we conclude that Benness's claim has no substantive merit and the record reflects no fundamental unfairness.

Benness argues that he is entitled to relief under Minn. R. Crim. P. 15.05, subd. 1, which provides: "At any time the court must allow a defendant to withdraw a guilty plea

4

upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010); *see State v. Townsend*, 872 N.W.2d 758, 761 (Minn. App. 2015). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Raleigh*, 778 N.W.2d at 94; *see State v. Klug*, 839 N.W.2d 723, 727 (Minn. App. 2013).

Benness does not argue that his plea was inaccurate, involuntary, or unintelligent. Rather, he argues that he did not understand that he could have made a self-defense claim if he had gone trial. But the transcript of the plea hearing shows that Benness's waiver of trial rights was thorough, and that the pre-plea possibility of a self-defense claim was specifically addressed:

> DEFENSE COUNSEL: We had a lot of discussions about the defense of self-defense, is that correct?
> BENNESS: Yes.
> DEFENSE COUNSEL: And we talked about the pros and cons of presenting that defense, is that accurate?
> BENNESS: Yes.
> DEFENSE COUNSEL: And do you agree with the court that you are not going to present a defense of self-defense, or are you telling the court that?
> BENNESS: Yes.
> DEFENSE COUNSEL: Have you had enough time to discuss that decision with me?
> BENNESS: Yes.

Benness's counsel also thoroughly vetted the facts that might have supported a self-defense claim—such as provocative conduct by the victim and Benness's state of mind—throughout the four-day sentencing hearing. Additionally, Benness's motion for a

downward sentencing departure included sections entitled "Victim Aggression" and "Imperfect Self-Defense."

Benness's claim of manifest injustice is not supported by the record or the law, and thus, the interests-of-justice exception to the two-year time bar does not apply. The district court correctly applied the law to facts that are supported by the record and acted within its discretion in denying Benness's motion.

Finally, Benness's claim is barred by *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). "The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant knew or should have known at the time of the direct appeal are procedurally barred." *Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013) (quotation omitted). Benness's petition for postconviction relief contains nothing that he did not know or have reason to know at the time of his direct appeal.

**Affirmed.**